UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY SUE BIRD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1-20, inclusive,<br><br>Defendants. | No. 1:16-cv-01130-DAD-EPG<br><br><u>ORDER DENYING JOINDER OF WELLS FARGO & COMPANY BUT GRANTING MOTION TO AMEND IN PART</u><br><br>(Doc. No. 9) |

On March 4, 2016, plaintiff Kimberly Sue Bird filed this action in the Fresno County Superior Court against defendant "Wells Fargo Bank, a California corporation" alleging state law claims for: (1) age discrimination under Government Code § 12941; (2) sex/gender discrimination under Government Code § 12940; and (3) breach of employment contract under Labor Code §§ 202, 203 and IWW § 20 for failure to pay wages due and owing upon termination of employment. (Doc. No. 1-1.) On August 1, 2016, defendant removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1.)

On December 1, 2016, plaintiff moved for leave to amend her complaint in order,

> to correct the name of the original Defendant to 'Wells Fargo & Company, a California corporation' and to add Wells Fargo Bank, N.A. as plaintiff's joint employer. Plaintiff also intends to clarify her claims for unpaid commissions by alleging these claims in a separate cause of action.

1

(Doc. No. 9 at 2.) Wells Fargo Bank, N.A. opposed plaintiff's motion seeking leave to amend on the grounds that: (1) Wells Fargo Bank, N.A., and not Wells Fargo & Company, has been the named defendant in this action from the outset; (2) plaintiff seeks to add Wells Fargo & Company as a defendant in this action now only to destroy diversity jurisdiction; (3) Wells Fargo Bank, N.A. and Wells Fargo & Company are not joint employers and plaintiff is unable to state a claim against Wells Fargo & Company; and (4) adding a new cause of action under Labor Code § 203 is untimely and would unduly prejudice defendant. (Doc. No. 3.) Plaintiff has replied that Wells Fargo Bank, N.A.'s argument is based upon the false premise that Wells Fargo Bank, N.A. is diverse from plaintiff — a California citizen.[1] (Doc. No. 11 at 2.) Plaintiff further argued that Wells Fargo Bank, N.A. cannot demonstrate that Wells Fargo & Company is not a plaintiff's joint employer and leave to amend should not be denied on that basis. (*Id*.)

On January 17, 2017, the court heard oral arguments on the pending motion. (Doc. No. 15.) Attorney Daniel Cravens appeared on behalf of plaintiff and attorney Hilary Habib appeared telephonically on behalf of Wells Fargo Bank, N.A. (*Id*.) For the reasons set forth below, the court finds that Wells Fargo Bank, N.A. is the proper named defendant in this action, denies plaintiff's motion for leave to amend to the extent she seeks to add Wells Fargo & Company as a defendant, and grants the motion for leave to amend insofar as it seeks to add a new cause of action under Labor Code §§ 200–203.

**Analysis**

*A. Named Defendant*

The parties dispute the identity of the operative defendant in this action. Plaintiff concedes that defendant, "Wells Fargo Bank, a California Corporation," which she originally named as the defendant does not exist, but asserts that she intended to sue Wells Fargo & Company, a California corporation. (Doc. No. 11 at 1.) The complaint plaintiff filed in this

---

[1] Plaintiff cites a number of decisions rendered prior to 2014 in support of her contention that Wells Fargo Bank, N.A. is a citizen of California. (Doc. No. 11 at 2.) However, in 2014, the Ninth Circuit held that "under 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014). Accordingly, under binding Ninth Circuit precedent, Wells Fargo Bank, N.A. is a citizen only of South Dakota, where its main office is located. *Id*. at 715.

action lists "WELLS FARGO BANK, a California corporation" as the named defendant. (Doc. No. 1-1 at 2.) The original complaint further alleges "Defendant, WELLS FARGO BANK, is a corporation Incorporated in and doing business in the state of California and in the County of Fresno." (*Id.*) Plaintiff served the original complaint on "Wells Fargo Bank, California Corporation" on July 5, 2016 at Savanna Cordero/CSC-Lawyers Incorporating Service – Agent for Service at 2710 Gateway Oaks Dr. STE 150N, Sacramento, CA 95833, which is the registered agent for purposes of service of process for both Wells Fargo & Company and Wells Fargo Bank, N.A. (Doc. No. 9-1 at 2, 36.)

Wells Fargo Bank, N.A., "erroneously sued as Wells Fargo Bank" answered plaintiff's complaint "for itself and no other parties." (Doc. No. 9-1 at 28.) Plaintiff then filed in the Fresno County Superior Court a proof of service of her attorney's notice of substitution, listing Wells Fargo Bank, N.A. as the defendant in this action. (Doc. No. 10-2 at 2 and 10-3 at 2.) Attorney Hilary Habib, counsel for Wells Fargo Bank, N.A., has filed a declaration with this court stating that in a meet and confer discussions, plaintiff's counsel Daniel J. Cravens "made clear that he intended to sue WFB and agreed that if Plaintiff amended the complaint she would add the National Association ('N.A.') suffix to clarify that 'Wells Fargo Bank, N.A.' is correctly identified as the proper defendant." (Doc. No. 10-2 at 2.) Subsequently, in the joint Rule 26(f) report, filed with this court on October 6, 2016, the parties stated that, in seeking leave to amend, "Plaintiff will also substitute WELLS FARGO BANK, N.A. for WELLS FARGO BANK as the proper defendant in this action." (Doc. No. 6 at 3.) However, plaintiff did not do as indicated in the joint Rule 26(f) report, but instead moved this court for an order granting leave to amend "to correct the name of the original Defendant to 'Wells Fargo & Company, a California corporation' and to add Wells Fargo Bank, N.A. as Plaintiff's joint employer." (Doc. No. 9 at 2.)

It thus appears that plaintiff mistakenly sued a non-existent entity, which she thought was both a citizen of California and her former employer. Thereafter, Wells Fargo Bank, N.A. responded to the complaint, making an appearance in this action that plaintiff did not initially dispute, perhaps unaware of the distinction between Wells Fargo Bank, N.A. and Wells Fargo & Company. "[E]ven if an improper defendant is indicated in the caption, [the court] may consider

3

a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.'" *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423 (9th Cir. 1989) (quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)) (reversing district court's conclusion that it lacked subject matter jurisdiction over a claim on the ground that plaintiff had listed an improper defendant in the caption but the body of the complaint made clear that plaintiff attempted and intended to sue a proper defendant).

Here, plaintiff's original complaint makes it clear that plaintiff intended to sue the entity that employed her from approximately 2010 through May 6, 2015. (Doc. No. 1-1 at 2.) It also appears clear that Wells Fargo Bank, N.A. was plaintiff's employer during this time period and is therefore the proper defendant in the action. With its opposition to plaintiff's motion to amend, Wells Fargo Bank, N.A. has included the declaration of Margaret Mullen, an employee relations senior manager for Wells Fargo Bank, N.A. (Doc. No. 10-6.) In that declaration, Ms. Mullen states that "[u]pon review of Ms. Bird's personnel records, I can confirm that Ms. Bird was employed by Wells Fargo Bank, N.A. during her entire employment, from September 27, 2010 to May 5, 2014." (*Id*. at 2.)[2] Attached as an exhibit to this declaration are plaintiff's IRS W-2 forms from 2010 to 2014, all of which reflect that Wells Fargo Bank, N.A. was plaintiff's employer. (Doc. No. 10-7.) In light of Ms. Mullen's declaration and plaintiff's W-2 forms, the court finds that Wells Fargo Bank, N.A. was at least plaintiff's primary employer and is the real party in interest defendant in the action. *See Rodriguez v. Wells Fargo Bank, N.A.*, No. 16-cv-02592-TEH, 2016 WL 3912539, at *1 n.1 (N.D. Cal. July 20, 2016) ("Defendants contend – and the

---

[2] Plaintiff objects to the Mullen declaration as lacking foundation because it not based upon personal knowledge, as an improper legal conclusion under Federal Rule of Evidence 602 and pursuant to the best evidence rule under Federal Rule of Evidence 1002. (Doc. No. 11-3 at 1.) In this regard, plaintiff argues that "Ms. Mullen is not an employee of [Wells Fargo & Company] and lack's the personnel knowledge of whether [Wells Fargo & Company] exercised control over Plaintiff." (Doc. No. 11 at 6.) However, Ms. Mullen's declaration establishes that "[a]s an Employee Relations Senior Manager, [she] has access to and knowledge of records and other information retained by Wells Fargo Bank, N.A. pertaining to its current and former employees." (Doc. No. 10-6 at 2.) The court finds Ms. Mullen has established sufficient foundation and personal knowledge to declare that Ms. Bird was employed by Wells Fargo Bank, N.A. during the relevant time period.

4

Court agrees – that the proper Wells Fargo defendant is Wells Fargo Bank, N.A., as opposed to its parent company Wells Fargo & Co., which Plaintiff named in her state court complaint.").

*B. Joinder*

The issue remains whether the court should allow plaintiff to now amend her complaint to join Wells Fargo & Company as a defendant in this action. Wells Fargo Bank, N.A. argues that the only reason plaintiff seeks to name Wells Fargo & Company, a citizen of California, as a defendant is to destroy diversity jurisdiction and that joinder should accordingly be denied under 28 U.S.C. § 1447(e). (Doc. No. 10 at 6, 10.)

Pursuant to the removal statute, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When making a determination of whether joinder should be permitted or denied, district courts have considered the following factors:

1. Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a);

2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;

3. Whether there has been unexplained delay in seeking the joinder;

4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;

5. Whether the claim against the new party seems valid;

6. The possible prejudice that may result to any of the parties in the litigation;

7. The closeness of the relationship between the new and the old parties;

8. The effect of an amendment on the court's jurisdiction; and

9. The new party's notice of the pending action.

*Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (joinder denied under § 1441(e), in part because the claims against the non-diverse defendant appeared to be

5

invalid). Any of the factors may be decisive, and none is absolutely necessary for joinder. *Graunstadt v. USS–Posco Industries*, Case No. 3:10-cv-03225-SI, 2010 WL 3910145, at *2 (N.D. Cal. Oct. 5, 2010). As they apply in the context of this case, these factors are analyzed below.

      i.    Just Adjudication

Wells Fargo & Company's presence in the action is not needed for a just adjudication, nor is joinder required under Federal Rule of Civil Procedure 19. "Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C. V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) (internal quotation marks omitted); *see also IBC Aviation*, 125 F. Supp. 2d at 1012 ("[R]equiring [Plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results.").

Here, plaintiff seeks only monetary relief (Doc. No. 1-1 at 9), and does not challenge defendant Wells Fargo Bank, N.A's assertion that it would be able to fully satisfy any judgment rendered in plaintiff's favor. It appears that plaintiff can therefore obtain complete relief with respect to her claims from Wells Fargo Bank, N.A. and she would not be required to litigate the same issues in two forums in order to obtain the relief she seeks. Moreover, there is no suggestion here that a new action would be necessitated in state court if Wells Fargo & Company is not joined to this action. Consideration of this factor does not support joinder.

      ii.    Statute of Limitations

The statute of limitations factor also does not support joinder. "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court." *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (internal quotation marks omitted).

Plaintiff's complaint alleges age discrimination under Government Code § 12941 and sex discrimination under Government Code § 12940 in terminating her employment. (Doc. No. 1-1 at 5–8.) With certain exceptions, the statute of limitations for these claims is one year from the date of the alleged unlawful practice. *See* Cal. Gov. Code § 12960(d). Plaintiff also seeks unpaid wages due upon termination under the California Labor Code. (Doc. Nos. 1-1 at 8; 11 at 8.) The statute of limitations for payment of wages due under Labor Code §§ 201–203 is three years. *See* Cal. Code Civ. Proc. § 338(a). Plaintiff alleges she was terminated on May 6, 2014. (Doc. No. 1-1 at 5.)

Plaintiff notes that at the time her motion for leave to amend was filed on January 10, 2017, the statute of limitations on her unpaid wages claim had not run. (Doc. No. 11 at 8.) The statute of limitations on this claim has since run. However, if plaintiff were to pursue a new action in state court against Wells Fargo & Company, it appears that she may be entitled to equitable-tolling of the applicable statute of limitations for the time period this action was pending if she can satisfy California's three-pronged test. This is because under California law, tolling is appropriate in a later suit in a different forum when an earlier suit was filed and where the record shows: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (*citing Addison v. State of California*, 21 Cal. 3d 313, 319 (1978)). In any event, the court places little weight on this factor because, as discussed below, plaintiff's proposed claim against Wells Fargo & Company appears to be of questionable validity.

   iii. <u>Delay in Seeking Joinder</u>

On August 1, 2016, Wells Fargo Bank, N.A. removed this action to this federal court. (Doc. No. 1.) This court's scheduling order was issued on October 19, 2016, and provided that any motions or stipulations to amend the pleadings must be filed no later than December 1, 2016. (Doc. No. 8 at 2.) Four months after removal and on the deadline to do so under the scheduling order, on December 1, 2016, plaintiff filed the present motion for leave to amend. (Doc. No. 9.)

/////

In considering the timeliness of a motion to amend a non-diverse party, courts have found that motions to amend filed less than a month after removal to be timely. *See Boon*, 229 F. Supp. 2d at 1023 (amendment less than a month after removal is timely); *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (same); *but see Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (concluding that delaying six months after removal and just four days prior to a hearing on a summary judgment motion to seek leave to amend to add a non-diverse defendant was "too late"). Here, because plaintiff did comply with the deadline established by the scheduling order to move to amend, the court finds plaintiff's motion to be timely.

            iv.     Motive for Joinder

If plaintiff were granted leave to amend to add Wells Fargo & Company, a citizen of California, as a defendant in this action it would defeat diversity and require remand of this action back to the state court. In the past, trial courts were advised to "look with particular care" at the motive of a plaintiff in joining a non-diverse defendant. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (failing to find sufficient evidence of improper motive when district court encouraged plaintiff to amend); *Murphy*, 74 F. Supp. 3d at 1285. However, it has been observed that this questioning of a plaintiff's motive is not as necessary in light of 28 U.S.C. § 1447(e) which provides the court with discretion in such cases. *See Khoshnood v. Bank of Am.*, No. 2:11-cv-04551-AHM-FFM, 2012 WL 751919, at *1 n.4 (C.D. Cal. Mar. 6, 2012) ("while *Desert Empire* is relevant to the analysis of Plaintiffs' motive in seeking amendment, the majority of its analysis was superseded by 28 U.S.C. § 1447(e) in 1996."); *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 ("suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."); *see also Trotman v. United Parcel Serv.*, No. 3:96-cv-01168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.").

/////

/////

Although arguably suspicious here, the court will not impute an improper motive simply because plaintiff is now seeking leave to amend to add a non-diverse defendant. Accordingly, consideration of this factor is neutral.

        v.        <u>Validity of Claims</u>

Plaintiff now seeks to add Wells Fargo & Company to this action as a defendant, contending that she was jointly employed by defendant Wells Fargo Bank, N.A. and Wells Fargo & Company. (Doc. No. 11 at 5.)[3] As discussed above, Wells Fargo Bank, N.A. appears to be the proper defendant in the action. Wells Fargo & Company is a related corporate entity and the parent company of Wells Fargo Bank, N.A. *See, e.g., Vasquez*, 77 F. Supp. 3d at 923 ("Wells Fargo Bank, N.A. has offered evidence that . . . Wells Fargo & Company is simply a holding company that owns shares of Wells Fargo Bank, N.A."). "An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law." *Laird v. Capital Cities/ABC*, 68 Cal. App. 4th 727, 737 (1998), *overruled on other grounds by Reid v. Google*, 50 Cal. 4th 512 (2010). "Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result." *Id*. (citing *Mesler v. Bragg Management Co.*, 39 Cal. 3d 290, 300 (1985) (alter ego liability); *Mid–Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1212 (1992) (same)). "In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees." *Id*. (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993)); *see also Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1242 (C.D. Cal. 2007) (noting "the strong presumption under California law that a parent company is not the employer of its subsidiary's employees").

/////

---

[3] It is important to note that this is not a case where plaintiff named both defendants under a joint employer theory of liability from the outset. Defendant did not remove this action brought against both defendants and then argue in this court that one of those defendants was a sham defendant. Rather, it is plaintiff who seeks by way of amendment to add a new, diversity, destroying defendant. Accordingly, the cases relied upon by plaintiff on this point are in large part not applicable.

Plaintiff contends that she has presented evidence showing that Wells Fargo & Company was her joint employer along with Wells Fargo Bank, N.A. (S*ee* Doc. Nos. 11 at 6–8.) Notably, this evidence includes a team member acknowledgement that plaintiff signed at the beginning of her employment authorizing "Wells Fargo & Company" "to carry out all decisions relating to personal and benefits information executed by me through a Wells Fargo electronic HR system." (Doc. No. 11-1 at 4.) Plaintiff has also presented a "Wells Fargo Agreement Regarding Trade Secrets, Confidential Information, and Assignments of Inventions" that she argues defines her employer as including the entire family of Wells Fargo corporations. (*Id*. at 7.) The court, however, does not agree with plaintiff's characterization of this document since on its face it is a generic agreement drafted to be utilized by the Wells Fargo parent companies, subsidiaries, predecessors, successors, affiliates and acquisitions and is irrelevant to plaintiff's new joint employer claim. Finally, plaintiff has presented the congressional testimony of John Stumpf, the chairman and CEO of Wells Fargo & Company, indicating that he exercised some control in the retail banking business.[4] (*Id*. at 7–8.) The portions of that testimony plaintiff has brought to the court's attention, however, do not indicate whether Mr. Stumpf was referring in his testimony to Wells Fargo Bank, N.A. Plaintiff has presented no evidence or alleged any specific facts which would show that Wells Fargo & Company specifically exercised control over her work activities.[5]

Consideration of the validity of plaintiff's claims therefore does not support joinder here. *See Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 923 (N.D. Cal. 2015) (denying

/////

---

[4] Plaintiff requests that the court take judicial notice of this testimony pursuant to Federal Rule of Evidence 201. (Doc. No. 11-2.) The court grants the request with respect to the existence of the testimony, but not for the truth of the facts recited therein. *See Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (taking judicial notice with respect to the existence of the congressional testimony).

[5] Instead, in her proposed first amended complaint plaintiff has merely alleged in a general and conclusory fashion that "WFC and WFB . . ., jointly employed plaintiff from approximately 2010 through May 6, 2014 as an SBA Loan Officer in Fresno, California. WFC and WFB jointly employed plaintiff, *inter alia*, because they have an interrelation of operations, a centralized control of labor or employment decisions, a common management, and a common ownership or financial control." (Doc. No. 9-1 at 17.)

joinder of Wells Fargo & Company and finding insufficient allegations that Wells Fargo & Company and Wells Fargo Bank, N.A. were joint employers under California law).

      vi.    Prejudice

In this context, prejudice to a plaintiff "exists if the proposed defendant is crucial to the case" and "does not exist if complete relief can be afforded without that defendant." *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010); *see also Vasquez*, 77 F. Supp. 3d at 923 (finding no prejudice in denying joinder of Wells Fargo & Company because plaintiff had not stated a viable claim against that entity). At the hearing on the pending motion plaintiff argued that the absence of Wells Fargo & Company from this action would impede her ability to obtain discovery from Wells Fargo & Company. First, the court is unconvinced by this argument since it would appear that such discovery could be obtained by plaintiff in this action. In any event, plaintiff has not proposed and adequate joint employer claim against Wells Fargo & Company and therefore complete relief on her claims before this court can be afforded to her without Wells Fargo & Company as a party. Consideration of this factor, therefore, does not support plaintiff's motion to amend her complaint to add Wells Fargo & Company as a defendant.

      vii.    Closeness of Relationship and Notice

As their names suggest, Wells Fargo & Company and Wells Fargo Bank, N.A. are clearly related corporate entities. Likewise, plaintiff served the complaint on Savanna Cordero/CSC-Lawyers Incorporating Service – Agent for Service at 2710 Gateway Oaks Dr. STE 150N, Sacramento, CA 95833, which is the registered agent for service of process for both Wells Fargo & Company and Wells Fargo Bank, N.A. (Doc. No. 9-1 at 2, 36.) Consideration of these factors therefore favor joinder.

      viii.    Balance of Factors

Here, plaintiff's motion to amend was timely filed and the closeness of the relationship between Wells Fargo & Company and defendant Wells Fargo Bank, N.A, as well as the notice provided to those entities, weigh in favor of allowing joinder. However, consideration of the other relevant factors – whether joinder is necessary for the just adjudication of this action, the

11

validity of plaintiff's claims against the proposed defendant, and the prejudice to plaintiff if joinder is denied, and the effect of amendment on the court's jurisdiction – all weigh, to varying degrees against the granting of plaintiff's motion to amend to add Wells Fargo & Company as a defendant. On balance, the court concludes that consideration of the relevant factors under § 1447(e) weighs against joinder of Wells Fargo & Company as a defendant at this time and plaintiff's motion to amend in that regard will be denied.

C. *Leave to amend*

Plaintiff also seeks leave to amend to add a forth cause of action for waiting time penalties for failure to pay commissions pursuant to California Labor Code §§ 200–203. (Doc. No. 9-1 at 23.) Plaintiff argues that this proposed amendment is intended "to clarify her claims for unpaid commissions by alleging these claims in a separate cause of action." (Doc. No. 9 at 2.) Wells Fargo Bank, N.A. argues that allowing such an amendment will result in undue delay and prejudice to defendant since plaintiff waited over eight months after she filed her complaint to seek to amend her claims. (Doc. No. 10 at 20.)

In her original complaint under her breach of contract cause of action, plaintiff alleged:

> To date Plaintiff has not been paid her earned wages and commissions due and owing. Plaintiff did not absent herself from work for Defendant but instead was fired unfairly and on pretext. Defendant is liable for payment of back wages and commissions due and owing and waiting time penalties pursuant to California Labor Code section 202, 203, 206, et seq.

(Doc. No. 1-1 at 8.) The court finds that plaintiff's proposed new cause of action merely clarifies the original allegations of her complaint set forth above. Under these circumstances, the granting of leave to amend is not unduly prejudicial to defendant. The court will therefore grant plaintiff leave to amend her complaint to specifically allege this cause of action.

**Conclusion**

1. The Clerk of the Court is directed to correct the case caption to reflect "Wells Fargo Bank, N.A." in place of "Wells Fargo Bank" as the proper defendant in the action;
2. Plaintiff's motion to amend her complaint (Doc. No. 9) to name Wells Fargo & Company as a defendant is denied without prejudice to renewal of that motion if during discovery in

12

this action plaintiff obtains evidence that Wells Fargo & Company was her joint employer;

3. Plaintiff's motion to amend her complaint (Doc. No. 9) to specifically allege a cause of action under Labor Code §§ 200–203 is granted;

4. Plaintiff is directed to file a first amended complaint consistent with this order within fourteen days of the service of this order; and

5. This matter is referred to the assigned magistrate judge to determine whether amendment of the October 19, 2016 scheduling order is appropriate in light of this order.

IT IS SO ORDERED.

Dated: **June 27, 2017**

UNITED STATES DISTRICT JUDGE