SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MARLENE M. NICOLAS, Cal. Bar No. 245298
mnicolas@sheppardmullin.com
HILARY A. HABIB, Cal. Bar No. 293431
hhabib@sheppardmullin.com
333 S. Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213.620-1780
Facsimile: 213.620.1398

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
*erroneously sued as Wells Fargo Bank*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT

| | |
|---|---|
| KIMBERLY SUE BIRD,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK., a California Corporation, and Does I-XX, inclusive<br><br>    Defendants. | Case No. 1:16-CV-01130-DAD-EPG<br><br>Assigned to the Honorable Dale A. Drozd<br>Courtroom 5<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIALS**<br><br>[Complaint Filed: March 4, 2016] |

**IT IS HEREBY STIPULATED** by and between the Parties to *Kimberly Sue Bird, Plaintiff, v. Wells Fargo Bank, a California Corporation, and Does I-XX, inclusive,* Case No. 1:16-CV-01130-DAD-EPG, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

 a. "Proceeding" means the above-entitled proceeding, *Kimberly Sue Bird, Plaintiff, v. Wells Fargo Bank, a California Corporation, and Does I-XX, inclusive,* Case No. 1:16-CV-01130-DAD-EPG.

 b. "Court" means the Hon. Dale A. Drozd and the Hon. Erica P. Grosjean, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

 c. "Confidential Materials" means any Documents or Information designated as "Confidential" or "Highly Confidential" pursuant to the definitions and provisions of this Stipulation and Protective Order, which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

 d. "Designating Party" means the Party that designates Materials as "Highly Confidential."

 e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

 f. "Documents" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

 g. "Information" means the content of Documents.

2. The Designating Party shall have the right to designate as "Confidential" the following nonpublic, sensitive company information which the Designating Party in good faith

believes has a low risk of negatively impacting Defendant, its customers or team members, and/or resulting in regulatory, reputational, or financial consequences:

    a. Details on the development of systems, projects, processes, know-how, technology, learning transcripts, trainings, organizational charts, and internal standards, policies protocols, procedures, information previously classified as "Internal Use;"

    b. Information collected about competitors;

    c. Communications and information shared with a limited group with a business need to know, as required to perform a particular business function or activity;

3. The Designating Party shall have the right to designate as "Highly Confidential" the following nonpublic, sensitive company and consumer information which the Designating Party in good faith believes has a medium to high risk of negatively impacting Defendant, its customers or team member, and/or resulting in regulatory, reputational, or financial consequences:

    i. Details on the development of systems, projects, processes, know-how, technology, learning transcripts, trainings, organizational charts, and internal standards; information previously classified as "Confidential," "Restricted," or "Do not reproduce;"

    ii. Information that, if disclosed, is likely to provide significant advantage to a competitor;

    iii. Defendant's private financial information, including: revenue, profits, forward-looking statements or comments on Defendant's stock, earnings, a competitor's business outlook;

    iv. Customer lists, vendor lists, development of new products and services, selling opportunities, performance goals assigned, performance goals obtained, number of loans closed, and loan amounts;

    v. Personnel records of Defendant's team members other than Plaintiff, including, personnel files, corrective actions, coaching, counseling, performance reviews, performance evaluations, pay information, commissions, performance goals, compensation and benefits information, background information (such as credit history, professional qualifications, education);

      vi.  Information of Defendant's security systems, protocols, security plans, compliance with legal obligations, and management of the business; and

      vii.  Private information of customers, including customer names, personal contact information, email addresses, Social Security numbers, financial account numbers, check images, loan numbers, loan amounts, loan terms, financial transaction details, creditworthiness, issues with obtaining a loan, private financial information, passwords, PINs, credit card validation numbers (CCV), secure one-time authentication, code of the day.

  b.  The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

  4.  Any Documents or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document or Information is Disclosed or produced. The designation should not obscure or interfere with the legibility of the designated Information.

    a.  For Documents, the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated Confidential Material;

  5.  The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document or Information that is subject to a "Confidential" or "Highly Confidential' designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document or Information designated as

1  "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of
2  such Inadvertent Production Notice, the Party that received the inadvertently produced Document
3  or Information shall promptly destroy the inadvertently produced Document or Information and all
4  copies therefore, or at the expense of the producing Party, return such together with all copies of
5  such Document or Information to counsel for the producing Party and shall retain only the
6  "Confidential" or "Highly Confidential" designated Materials. Should the receiving Party choose
7  to destroy such inadvertently produced Document or Information, the receiving Party shall notify
8  the producing Party in writing of such destruction within ten (10) days of receipt of written notice
9  of the inadvertent production. This provision is not intended to apply to any inadvertent
10 production of any Information protected by attorney-client or work product privileges. In the event
11 that this provision conflicts with any applicable law regarding waiver of confidentiality through
12 the inadvertent production of Documents or Information, such law shall govern.
13    6.    In the event that counsel for a Party receiving Documents or Information in
14 discovery designated as "Confidential" or "Highly Confidential" objects to such designation with
15 respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in
16 writing, of such objections, the specific Documents or Information to which each objection
17 pertains, and the specific reasons and support for such objections (the "Designation Objections").
18 Counsel for the Designating Party shall have fifteen (15) days from receipt of the written
19 Designation Objections to either (a) agree in writing to de-designate Documents or Information
20 pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court
21 seeking to uphold any or all designations on Documents or Information addressed by the
22 Designation Objections (the "Designation Motion"). Pending a resolution of the Designation
23 Motion by the Court, any and all existing designations on the Documents or Information at issue
24 in such Motion shall remain in place. The Designating Party shall have the burden on any
25 Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential"
26 designation. In the event that the Designation Objections are neither timely agreed to nor timely
27 addressed in the Designation Motion, then such Documents or Information shall be de-designated
28 in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" or "Highly Confidential" shall be permitted only to the following, persons:

    a. the Court;

    b. the Plaintiff – who shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    d. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    f. any deposition, trial or hearing witness in the Proceeding; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to. and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the

Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

        h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

        i.    any other person that the Designating Party agrees to in writing.

8.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

        a.    operate as an admission by any person that any particular Document or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

        b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

     i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order; or

     ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

  11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

  12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority or the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

  13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain

confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16. A Party that seeks to file under seal any Confidential Materials must comply with Local Civil Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. If a Party's request to file Confidential Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

17. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order. Any cost burden associated with providing clean copies of documents previously stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be borne solely by the party designating such documents as confidential.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

-9-
SMRH:483171832.1                                                STIPULATED PROTECTIVE ORDER

19. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

20. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court , one copy of all discovery materials exchanged between the parties and received from third-parties, once copy of all documents produced by the parties and any third-parties,  and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

21. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

22. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation

and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: June _29_, 2017

                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                      By _____
                              THOMAS R. KAUFMAN
                              MARLENE M. NICOLAS
                              HILARY A. HABIB

                              Attorneys for Defendant
                            WELLS FARGO BANK, N.A.

Dated: June __28_, 2017

                      CRAVENS & ASSOCIATES

                      By _____
                              DAN CRAVENS

                            Attorney for Plaintiff Kimberly Bird

# ORDER

The Court has reviewed the stipulated protective order and adopts it. The Court modifies paragraph 6 to describe the procedure for seeking leave of court to file a motion challenging a confidentiality designation: Counsel must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Prior to the conference, the Court will require the parties to submit letter briefs of no more than 3 pages in length to chambers for review. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution is reached, the Court will consider whether the filing of a formal motion is appropriate.

IT IS SO ORDERED.

Dated: **June 30, 2017**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Kimberly Sue Bird, Plaintiff, v. Wells Fargo Bank, a California Corporation, and Does I-XX, inclusive,* Case No. 1:16-CV-01130-DAD-EPG, I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this ___ day of _____, 20_, at _____.

DATED _____ BY:

Title

Address

City, State, Zip

Telephone Number