UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY SUE BIRD,<br><br>        Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK,<br><br>        Defendant. | Case No. 1:16-cv-01130-DAD-EPG<br><br>ORDER GRANTING REQUEST FOR RULE 37 DISCOVERY SANCTIONS<br><br>(ECF No. 30) |

    Plaintiff Kimberly Sue Bird ("Plaintiff") has filed a motion to compel and for sanctions contending in part that Defendant Wells Fargo Bank ("Defendant") failed to comply with the Court's March 31, 2017 discovery order. (ECF No. 30.) Specifically, that order required that Defendant "produce documents consistent with this order and schedule its production on a rolling basis to conclude no later than June 1, 2017." (ECF No. 26, at p. 12). It is undisputed that Defendant failed to produce the required discovery by that deadline, without obtaining an extension from the Court.

    The parties filed a joint statement and declarations in support of/in opposition to the motion on May 27, 2017. (ECF Nos. 35-27.) Oral argument on the motion to compel and for sanctions was held on June 1, 2017. (ECF No. 38.) The Court discussed Wells Fargo's failure to comply with the March 31, 2017 order, certain compliance deadlines were extended to June 22, 2017, and the Court took the request for sanctions under advisement. (ECF Nos. 38, 42,

43.) Wells Fargo was directed "file a report certifying the completion of discovery once it has complied with all outstanding discovery directives discussed at the 6/1/2017 hearing." (ECF No. 43.) The sanctions issue was taken under advisement until after receipt of the report. (*Ibid*.) Defendants filed a notice of compliance on July 3, 2017. (ECF No. 50)

The Court now issues the following ruling imposing sanctions on Defendant for failure to comply with the Court's order.

### A. Background

Defendant's production of discovery in this case has been fraught with delays and obfuscation. As a result, the schedule in this case has been extended far beyond that initially contemplated. The Court will not review each action or lack of action that Defendant has undertaken. Much of this history is described in the preface to the underlying order at issue in this case: the Court's March 31, 2017 order directing Defendant to produce certain discovery. (ECF No. 26, p. 12.) That said, a few events related to the current motion are worth highlighting.

Non-expert discovery was originally set to conclude on March 6, 2017 (ECF No. 8). In February of this year, the parties filed a joint status report, where Defendant made clear it had neither searched for nor produced ESI, with the purported reason that "Plaintiff has not yet reached out to Defendant to meet and confer regarding the scope of ESI discovery." (ECF No. 16) At an informal discovery conference off the record on February 21, 2017, it became clear that Defendant had not done any search or production of ESI. (ECF No. 17)

The Court held an informal discovery conference on February 21, 2017. The Court agreed to extend the deadline for non-expert discovery, stating in part: "I think that the responses that [Defendant Wells Fargo Bank] gave often were not producing relevant documents without good cause, did not undertake an electronic review of documents again without good cause, and I felt just generally was just going to try to let the discovery period end and cross its fingers that it didn't have to produce relevant discovery. So I am going to extend

the non-expert discovery deadline. I am going to allow discovery to go forward even though that deadline is passing, even though I wish it had not happened." (ECF No. 28) The Court then provided an extensive discussion on the record regarding its thoughts on the proper scope of discovery, with input from counsel.  Regarding ESI in particular, the Court noted that "Let's talk about ESI discovery. This came up at our last conference. I was very concerned that we're starting the process of ESI. In fact, that might be the most concerning part of where we are in the case," and reviewed the law regarding a parties' obligation to produce ESI in response to document requests. (ECF No. 28, at 19). Fed. R. Civ. P. 34.  Regarding the timing of production, counsel for Defendant represented that production of ESI "will take at least a month from when we run the searches." (ECF No. 28, at 45).

Per a Court order, the parties submitted a joint statement regarding discovery on March 16, 2017.  Plaintiff claimed it had requested ESI three and half months earlier and the parties were still disputing the scope of the search without any production. (ECF No. 20, at p. 2). Defendant's proposal was that it collect ESI based on certain search terms, "without waiving any and all objections and responses set forth in Defendant's Responses to Plaintiff's Request for Production of Documents, Set One" and then after pulling such documents, "it proposes that the parties further meet and confer on the ESI production."[1]  (ECF No. 20, at p. 3).  Defendant stated that "Due to Defendant's internal processes, and significant queue of other data requests, it has recently learned that it will take 6-8 weeks for it to pull the requested ESI." (ECF No. 20, at p. 4)  Defendant did not give any deadline for what it would produce ESI.

The Court held a hearing on discovery issues on March 30, 2017. (ECF No. 22) During the conference, the scope and timing of ESI were discussed extensively.  Suffice to say, the Court again expressed its dismay over Defendant's lack of progress on production of ESI.[2]

---

[1] Defendant also (without legal basis) continued to claim it could seek to "shift all fees and costs incurred in the collection, review, and production of ESI to Plaintiff and Plaintiff's counsel." (ECF No. 26, at p. 3).

[2] The Court: "We were supposed to end discovery in this case on March 6th and while I gave permission and recognized that discovery was going to continue it appears that the

Defendant attempted to allay the Court's concern by describing the efforts to search and produce ESI to date:

> [Counsel for Wells Fargo]: And we did make a good faith effort with regards to pulling discovery even though we haven't come to an agreement with Mr. Cravens with regard to what emails we're going to produce due to the fact that Wells Fargo's email system takes six to eight weeks to pull the emails. We have already been in the process of pulling all of the searches so when the Court does make its order, you know, we're not waiting until the order to -- you know, to then have six to eight weeks through that date. We've already engaged in the process of pulling all the emails in case, you know, we are ordered to produce a subset of them, or produce some of them. And so we have not just been sitting on our laurels waiting for the Court's order. We have been, you know, very, you know, progressive in doing that.

(ECF No. 29, at 20-21).

Following the conference, the Court issued a discovery order on March 31, 2017 ordering defendant Wells Fargo to "immediately design and implement a discovery plan to diligently and in good faith produce documents consistent with this order and schedule its production on a rolling basis to conclude no later than June 1, 2017." (ECF No. 26, p. 12.) The order very specifically set out the scope of discovery, and ordered Wells Fargo to: 1) produce eleven sets of documents by June 1, 2) disclose the scope of its search including any search

---

electronic discovery has either not either begun or – from Wells Fargo Bank, or not begun in earnest, and it appears there's still significant, 15 pages of disagreement on almost every single search term and name and date to be searched. Wells Fargo is saying it would take six to eight weeks to even pull the documents. They're still maintaining objections based on scope after those eight weeks, and while I -- when something's broken down this much it's probably both to blame. I see more evidence of Wells Fargo's to blame; meaning that I see a number of what look like delay tactics where there'll be objections based on the breadth of something, of a request, but then there's been no search or collection of documents for what is Wells Fargo believes is a reasonable request. Instead I see in the correspondence saying we rejected and we're willing to meet and confer further and then a week or two weeks go by. I also see some things that I don't see any basis for. There's still -- Wells Fargo is saying they reserve the right to charge plaintiff for electronic discovery. I don't see any basis in the rules to do that and as I add it up, if they think it's eight weeks to pull the data and yet they're also opposing an extension to the schedule that appears to fit, and I don't have exactly the dates, but it looks to me like it's not -- it's both extending out time and not giving sufficient time for discovery." (ECF No. 29, at p. 2-3).

terms, custodians or other limitations within two weeks from the order, and 3) produce a privilege log. (*Id*. 12-13.)

### B. Plaintiff's Motion to Compel and For Sanctions

Plaintiff filed a motion to compel and motion for sanctions against Defendant on April 28, 2017. (ECF No. 30). Plaintiff stated that "Defendant still has not begun its rolling production of ESI as ordered in the Courts March 31, 2017 discovery order." (ECF No. 30, at p. 2. The parties' joint-statement filed May 27, 2017 stated that Wells Fargo failed to comply with the Court's March 31, 2017 order in at least two, significant respects. (ECF No. 35, pp. 2-5 ¶ 4, 12, 17, declaration of Marlene Nicolas; ECF No. 36, pp. 21-22, 24-25, joint statement of the parties.)  First, Wells Fargo informed the Court that it did not produce data regarding the age and gender of employees terminated by the June 1 deadline. (ECF No 36, pp. 21-22.) Second, Wells Fargo did not produce electronically-stored information in a rolling format and did not intend to adhere to the June 1 deadline, as ordered. (ECF No. 36, pp. 23-25.)  Plaintiff requested sanctions. (ECF No. 36, p. 17).

Defendant's portion of the joint statement stated the following regarding ESI stated:

> Although Defendant began the process of pulling ESI immediately after the Court's Order, as explained on several occasions to Plaintiff, it takes 6-8 weeks to pull ESI and additional time to review and redact the emails. Defendant is in the process of reviewing and redacting the emails that it agreed to produce, but anticipates that it will take a few more weeks to produce additional emails. (Nicolas Decl., ¶ 12.) Therefore, Defendant requests that the Court extend its deadline to produce ESI to June 15, 2017.

(ECF No. 36, pp. 24-25).  Defendant did not file a formal request for extension and did not receive permission to extend the June 1 deadline.

At the June 1, 2017 hearing, the Court confirmed that Wells Fargo failed to comply with the Court's March 31, 2017 order.[3] (ECF No. 42, transcript of June 1, 2017 motion to compel hearing.)  Defendant had not produced *any* ESI between the date of the Court's order

---

[3] In addition, the Court discussed further compliance disputes and issued rulings partially granting Plaintiff's motion to compel at the June 1 hearing. (ECF Nos. 38, 42.)

and the completion deadline.  (ECF No. 42, pp. 3:22-10:13.) (emphasis added).

On July 3, 2017, Wells Fargo finally filed a Notice of Compliance with the Court's [discovery orders]. (ECF No. 50.)  Since the June 1, 2017 hearing, Wells Fargo has produced responsive information to Plaintiff as follows:

**June 15-16:** ESI produced (*Id*. at 3 ¶ 4) ;

**June 22:** Data regarding employees who violated its Information Security Policy produced (*Id*. ¶ 5);

**June 29:** mailbox retention policies produced (*Id*. ¶ 6);

**June 30**: Information regarding its document retention policies and regarding actions taken in relation to Plaintiff's company-issued Blackberry(s) produced (*Id*. at 4 ¶¶ 7-9); and

**June 30:** Privilege log provided (*Id*. ¶ 10).

**C.  Legal Standard**

Under Rule 37(b) of the Federal Rules of Civil Procedure, the court may impose sanctions against a party for the failure to obey a discovery order or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). The potential sanction may take the form of the following "just orders":

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  "Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C)

(emphasis added). "Federal Rule of Civil Procedure 37(b)(2)(C) requires that monetary sanctions be imposed on the disobedient party or attorney 'unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-CV-01938-EPG, 2016 WL 4764669, at *5–8 (E.D. Cal. Sept. 12, 2016) (citing Fed. R. Civ. P. 37(b)(2)(C)).

"Where the sanction results in default, the sanctioned party's violations must be due to the 'willfulness, bad faith, or fault' of the party." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994); *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Ibid*. (quoting *Hyde & Drath*, 24 F.3d at 1166).

**D. Discussion**

It is undisputed that Wells Fargo failed to comply with the June 1, 2017 in the Court's March 31, 2017 order. By Wells Fargo's own admission, it had not even started a rolling production of ESI by June 1. (ECF No. 36, pp. 23-25.) Wells Fargo also admitted that it was non-compliant with the March 31 order by not producing data regarding the age and gender of employees terminated by the June 1 deadline. (ECF No 36, pp. 21-22.) At the June 1, 2017 hearing, the Court discussed and issued further orders regarding additional compliance issues surrounding the lack of production of comparative data. (ECF No. 46.) To compound matters, Wells Fargo did not seek or obtain permission prior to June 1 to extend the compliance deadlines when it would have known that compliance would be unachievable.

History shows that Wells Fargo was delaying at each stage and showed no indications of voluntary compliance without Plaintiff filing a motion to compel and obtaining a court order. It was only after serious court intervention and Plaintiff's continued persistence in pressing Wells Fargo to comply with its discovery obligations that Wells Fargo finally produced responsive information in a meaningful way. The Court does not believe that Wells Fargo

would have produced a reasonable production on a reasonable time frame, as required by the rules, without such motion and order. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) (explaining that, while the federal rules do not demand perfection, "parties must impose a reasonable construction on discovery requests and conduct a reasonable search when responding to the requests" and that "the discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and produce responsive documents." (collecting cases)).

Discovery opened in this case in October 2016. As detailed in the Court's March 31, 2017 order, discovery in the case had broken down to the point where serious court intervention was required. (ECF No. 26.) Wells Fargo then had over two months from the Court's March 31 order to formulate a plan to comply with the order. It did not do so. Instead, it treated the Court's order as a suggestion and came to court on the deadline for production to inform the Court that it had let the deadline expire. Moreover, Wells Fargo's delay tactics have caused prejudice to Plaintiff's ability to prosecute her case. Plaintiff has incurred substantial attorney fees in filing the motions to compel and attending discovery hearings, has been unable to schedule depositions, and finds it unlikely that the parties will be able to comply with the present discovery schedule, which has already been modified on at least one prior occasion. (ECF No. 27.)

The Court acknowledges that Defendant is now in compliance and has incurred substantial costs to do so. Accordingly, it declines to impose many of the allowable sanctions under Rule 37 regarding issue sanctions, such as "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims."

Nevertheless, especially in light of the repeated issues with discovery, the Court cannot let the failure to abide by a clear court order go without any sanction. Under Rule 37, "the court *must* order disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[4] Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Accordingly, the Court will order that Wells Fargo shall pay fifty-percent[5] of the reasonable costs and attorney fees associated with the filing of the April 28, 2017 motion to compel and motion for sanctions (ECF No. 30), inclusive of the costs and attorney fees associated with preparing Plaintiff's May 27, 2017 filings (ECF Nos. 35-36) and attendance at the June 1, 2017 hearing.

Plaintiff's counsel may submit a record of these costs and attorney fees for court review to epgorders@caed.uscourts.gov within 21 days of this order. Plaintiff's counsel shall also submit an affidavit attesting to the reasonableness of the costs and attorney fees. The Court will issue an order with a total assessment of sanctions following its review of the costs and attorney fees in Plaintiff's submission.

IT IS SO ORDERED.

Dated: **July 20, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[4] Wells Fargo has not made any showing that their failure was substantially justified or that other circumstances make an award of expenses unjust.

[5] The Court chose a less than one-hundred percent reimbursement level of cost and fees based on its observation of Plaintiff also raised issues in its motion to compel that were good faith disputes unrelated to a failure to abide by the Court's orders. The Court has observed throughout these proceedings that, while Wells Fargo certainly has not complied with its discovery obligations, it is also not unfair to criticize Plaintiff's counsel for extreme positions taken during the course of discovery, as well as failure to appropriately address discovery issues earlier in the case. (*See* ECF No. 26, p. 9, "Both parties shoulder some of the blame for this breakdown.")