CRAVENS & ASSOCIATES
Daniel J. Cravens, Cal Bar No. 207859
dcravens@cravensassociates.com
516 W Shaw Ave, Ste. 200
Fresno, CA 93704-2515
Telephone: (559) 421-9380
Facsimile: (855) 273-3797

PERETZ & ASSOCIATES
Yosef Peretz, Cal Bar No. 209288
yperetz@peretzlaw.com
22 Battery Street, Suite 200
San Francisco, CA 94111
Tel: 415.732.3777
Fax: 415.732.3791

Attorneys for Plaintiff KIMBERLY SUE BIRD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| KIMBERLY SUE BIRD,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK., N.A., and Does I-XX, inclusive<br><br>Defendants. | Case No. 1:16-CV-01130-DAD-EPG<br><br>**PLAINTIFF'S STATEMENT REGARDING DISCOVERY**<br><br>Complaint Filed:  March 4, 2016<br>FAC Filed:  July 7, 2017 |

The parties initially worked on a joint statement.  Plaintiff provided its portion of the statement on August 4, 2017 late morning.  Defendant provided its section at about 5 p.m. on August 7, 2017.  Plaintiff provided Defendant with a revised version at about 9 p.m. that evening Defendant informed Plaintiff at 10 p.m. on August 7, 2017 that it refused to submit a revised statement and refused to authorize filing a joint statement.  Plaintiff attempted to meet and confer to obtain Defendant's cooperation in a joint statement without success.  This email correspondence is attached as Exhibit A.

Accordingly, Plaintiff Kimberly Sue Bird ("Plaintiff") hereby submit the following Plaintiff's Statement Regarding Discovery.

**1.  <u>DEPOSITIONS</u>**

Plaintiff has taken the following 9 depositions: David Rader (decision-maker); David Kaneda (decision-maker); Mary Norris (supervisor); John Fassbender (human resources manager); Lacie Chestnut (shuman resources advisor); Ken Ramos; James Hall; and PMQ.  Defendant has taken the deposition of Plaintiff.

As discussed below the Plaintiff requests 10 additional hours of deposition testimony to take the depositions of 4–5 comparators.  As discussed below more fully, these depositions are probative of the fact that Defendant treated Plaintiff differently from similarly situated male employees.  It may also take the deposition of Brian Kirkwood (post-termination investigation) and a PMQ on the Policyworks and ISP data.  However, it is Plaintiff's hope that the parties can stipulate to a document production in lieu of the PMQ.

**2.  <u>POLICYWORKS DISCOVERY</u>**

**a.  <u>Qualitative Description of the Data Produced By Defendant</u>**

Defendant has agreed to produce all data from its Policyworks database related to the 1,697 employees who it  previously identified as having violated the Information Security Policy.

Defendant has produced this Policyworks data in three datasets.  On July 25, 2017, Defendant produced a Policyworks dataset consisting of 210 columns of data for 118 different employees.  However, this data did not include any data for Plaintiff.  On July 27, 2017, Defendant produced an additional dataset consisting of 209 columns of data for an additional 18

employees inadvertently omitted from its July 25, 2017 production.  Defendant produced a third Policyworks dataset consisting of 208 columns of data for 52 employees also omitted from the July 25, 2017 dataset.

In all, Defendant has produced Policyworks data for only 188 of the 1697 employees who it previously identified as having violated its Information Security Policy.  This data includes fields that describe the information loss or theft for many but not all of the employees.  The descriptions are rendered with varying degrees of detail.  However, the data does not indicate whether the affected employee received any discipline for the information loss or theft.

**b.  <u>Outstanding Issues With the Defendant's Production</u>**

First, Defendant informed Plaintiff that it has "removed" the highly relevant "Incident Risk Classification" field **<u>in 2017</u>** when it introduced a new field called "severity".   It is important to note that Defendant did not voluntarily disclose this information.  Rather it only admitted that the data had been "removed" after Plaintiff asked why it was missing in meet and confer.  How Plaintiff's incident compared to the other 188 comparators in Defendant's data in terms of "risk" and/or "severity" is relevant and probative.  However, it is not clear whether this "removed" data can be restored or whether Defendant has destroyed this data permanently.  After meeting and conferring on this issue, Defendant has agreed to determine whether the "Incident Risk Classification" data can be restored.  If the data has been permanently destroyed, Plaintiff intends to include it in the forthcoming spoliation motion.

Second, Defendant contends that some of the employees included in its prior Policyworks production were employed by a Wells Fargo entity other than Wells Fargo Bank, N.A.  However, Defendant still has not identified these individuals even though it has known about it for months.  Significantly, the Policyworks dataset contains several columns that explicitly identify which entities and lines of business employed each individual.  Plaintiff has asked Defendant to identify which values within those columns indicate whether the individuals were employed by Wells Fargo Bank, N.A.   Defendant still has not provided this information.

PLAINTIFF'S STATEMENT RE DISCOVERY

Moreover, Plaintiff contends that evidence should not be limited to Wells Fargo Bank, N.A. because Defendant has a policy requiring discipline to be consistent across the entire Wells Fargo enterprise.

Third, Defendant's production of the July 25, 2017 dataset included columns for employee name and id number.  However, the two datasets produced on July 27, 2017 are missing one or both of those columns.  The employee id number is critical as it enables Plaintiff to cross-reference the data with the previous productions to determine whether the employee was terminated, their gender, and their age.  Defendant has agreed to provide the employee numbers for employees that are also contained in the ISP dataset previously produced.  Plaintiff contends that employee numbers for these incidents fall within the scope of the reasonable follow up discovery permitted by the Court.

Fourth, Defendant has agreed to produce a key or explanation of the relevant codes in these Policyworks datasets.

All of the above information is still outstanding.

**c.   Follow Up Discovery**

Defendant produced the Policyworks data just prior to the discovery cut-off.  Accordingly, the Court has authorized Plaintiff to take follow up discovery related to Defendant's Policyworks productions.   Defendant has identified 1697 individuals as having violated the information security policy.  Defendant's human resources and management witnesses all testified at deposition that Defendant's policy requires the level of discipline given for loss/theft incidents be uniform on an "enterprise-wide basis."  Indeed the Policyworks and human resources database contain data for the entire Wells Fargo family of businesses.

The Policyworks data produced by Defendant reveals that it was not consistent and that it routinely retained men who had incidents similar to, or worse than, the one that purportedly caused it to terminate Plaintiff.

Defendant purportedly terminated Plaintiff because her laptop and paper files for several customers were stolen from the cabin of her vehicle while she was eating at a restaurant.  Plaintiff contends that Defendant rarely terminates employees for this reason and that the theft of Plaintiff

computer was mere pretext intended by Defendant to cover up for the fact that it terminated Plaintiff because of her gender and age.   Defendant took the position in depositions that Plaintiff's conduct warranted termination because: (1) she left the computer in the cabin of her vehicle as opposed to the trunk; (2) she did not take her laptop with her into the restaurant; (3) the car was parked in a public location; and (4) paper consumer files were stolen.  In addition, Plaintiff's supervisor falsely informed human resources and upper management that Plaintiff had (5) left her computer in plain view.   These depositions took place before Defendant produced the Policyworks data.   As described below, the Policyworks data directly rebuts Defendant's arguments and provides strong evidence that she was treated differently from male comparators.

Plaintiff has narrowed the 188 incidents described in the Policyworks data to the following 40 individuals who experienced very similar loss/theft incidents.  Additional discovery on these 40 incidents is necessary because the Policyworks data lacks sufficient detail concerning the circumstances of these loss/theft incidents and does not indicate whether these individuals were terminated or given discipline less than termination.[1]

| | Date | Incident ID | Term Status | Gender | Plaintiff's Summary of Policyworks Data |
|---|---|---|---|---|---|
| 1 | 10/13/2010 | 7974964 | Data Not Provided | M | Consumer files were stolen from vehicle of male employee.  536 customers were impacted.  Termination status of employee was not provided. |
| 2 | 3/31/2011 | 8641128 | Data Not Provided | Data Not Provided | Gender and termination status of employee not specified.  Paper files affecting 5 consumers were stolen from the floor of the rear seat while vehicle was parked at a restaurant. |
| 3 | 4/26/2012 | 10604544 | No | M | Male employee was not terminated after his laptop stolen from his vehicle while parked overnight. |
| BEFORE MAY 2012 | | | | | |

---

[1]   Plaintiff originally identified 25 individuals for additional discovery.  However, Defendant states that it intends to object to an unknown number of these individuals on the ground that they were not employed by Wells Fargo Bank, NA.  As Plaintiff has no way of knowing how many of the individuals on the list will be affected, in has augmented the list in order to avoid surprise.

-4-

| 4 | 6/13/2012 | 10838556 | No | M | Male employee was not terminated after his laptop stolen from his truck while parked in his driveway overnight. |
|---|---|---|---|---|---|
| 5 | 8/30/2012 | 11108962 | No | M | Male employee was not terminated after his laptop stolen from his minivan while he was dining at a restaurant. |
| 6 | 11/7/2013 | 13069544 | No | M | Male employee was not terminated after his laptop stolen from rear backseat of car while it was parked overnight. |
| 7 | 11/18/2013 | 12933487 | No | M | Male employee was not terminated after laptop and customer information were stolen from his car which was parked in his driveway. |
| 8 | 12/3/2013 | 13082355 | Data Not Provided | Data Not Provided | Employee intentionally gave consumer information to a third party.  Employee's gender and termination status were not specified. |
| 9 | 1/10/2014 | 13490870 | No | M | Male employee was not terminated after two laptops were stolen from minivan which was parked in a parking lot. |
| 10 | 1/21/2014 | 13494206 | No | M | Male employee not terminated after his laptop and consumer information were stolen from his SUV while he was dining at a restaurant. |
| 11 | 2/21/2014 | 13496737 | No | M | Male employee was not terminated following the theft of consumer documents from his car.  The consumer data was later recovered by the police who informed the consumer.  The consumer reported the theft to WFB. |
| 12 | 5/22/2014 | 14123640 | No | M | Male employee was not terminated after laptop stolen from backseat of car while parked overnight. |
| 13 | 6/5/2014 | 14127722 | Data Not Provided | F | Computer and customer SSN stolen from backseat of car while at grocery store. |
| 14 | 6/19/2014 | 14281854 | Data Not Provided | M | Laptop and files of 8 customers stolen from the passenger front seat of male employee while he was at the YMCA.  His termination status was not specified. |
| 15 | 7/11/2014 | 14281837 | Data Not Provided | Data Not Provided | Laptop and data for 265 consumers were stolen from an unlocked car parked in home driveway overnight.  Gender and termination status of employee not specified. |

| 16 | 8/26/2014 | 14600409 | Data Not Provided | Data Not Provided | Employee left laptop and client information for 3 prospective clients in his/her jeep.  The jeep's windows could not be locked.  The thief unzipped the windows to steal the laptop and documents which were behind the seat.  The gender and termination status of employee was not specified. |
| 17 | 11/17/2014 | 15076204 | No | M | Male employee was not terminated after his laptop was stolen from under the backseat of his car. |
| 18 | 1/2/2015 | 15187869 | Data Not Provided | Data Not Provided | Laptop and customer files were stolen from SUV.  The gender and termination status of employee was not specified. |
| 19 | 1/2/2015 | 15186207 | Data Not Provided | Data Not Provided | Laptop and customer files stolen from truck while employee was visiting relatives.  The gender and termination status of employee was not specified. |
| 20 | 1/15/2015 | 15180691 | Data Not Provided | Data Not Provided | Laptop and customer documents taken from car.  Location of vehicle or laptop within the vehicle not specified. The gender and termination status of employee was not specified. |
| 21 | 2/24/2015 | 15627783 | Data Not Provided | M | Laptop and customer files stolen from the backseat of an SUV of a male employee while it was parked on the street. |
| 22 | 3/16/2015 | 15630550 | Data Not Provided | Data Not Provided | Laptop and customer information stolen from the floorboard of the backseat of the vehicle which was parked at the gym at 1 a.m. |
| 23 | 4/16/2015 | 16127652 | Data Not Provided | M | Laptop and files of 5 customers stolen from vehicle of male employee while it was parked in front of his home.  Employee's termination status was not provided. |
| 24 | 5/4/2015 | 16135711 | Data Not Provided | M | Laptop and customer files stolen from back seat of SUV which was parked in a parking garage. |
| 25 | 5/8/2015 | 16298645 | Data Not Provided | M | Loan documents were stolen from the vehicle of a male employee.  His termination status was not specified. |
| 26 | 5/28/2015 | 16336826 | Data Not Provided | M | iPad and customer files were stolen from vehicle of a male employee while he was parked at starbucks.  His termination status was not specified. |

| | | | | | AFTER MAY 2015 |
|---|---|---|---|---|---|
| 27 | 7/21/2015 | 16496437 | Data Not Provided | M | Laptop and loan documents stolen from the vehicle of a male employee while it was parked at the gym. |
| 28 | 10/30/2015 | 17257130 | Data Not Provided | M | Laptop and customer files were stolen from storage area of a male employee's SUV.  Laptop was concealed under a cargo screen.  His termination status was not provided. |
| 29 | 11/11/2015 | 17257947 | Data Not Provided | M | Laptop and customer files stolen from rear of the SUV of a male employee.  His termination status was not provided. |
| 30 | 2/18/2016 | 17823722 | Data Not Provided | M | Laptop and customer files stolen from behind seat while employee was eating at a restaurant. |
| 31 | 4/1/2016 | 18004147 | Data Not Provided | F | Laptop and customer files stolen from trunk of  SUV of female employee while she was eating at a restaurant.  Her termination status was not specified. |
| 32 | 5/6/2016 | 18411742 | Data Not Provided | M | Laptop and customer information was stolen from vehicle while he was eating lunch at a restaurant.  Location of the laptop is not specified. |
| 33 | 5/27/2016 | 18249297 | Data Not Provided | M | Laptop and customer files stolen from vehicle of a male employee while he was visiting a with a friend.  His termination status was not specified. |
| 34 | 5/31/2016 | 18417264 | Data Not Provided | M | Laptop and customer files stolen from backseat of sedan. |
| 35 | 8/5/2016 | 20756384 | Data Not Provided | M | Laptop and customer files stolen from under backseat of vehicle. |
| 36 | 10/24/2016 | 21119131 | Data Not Provided | M | Laptop and customer documents stolen from vehicle of male employee.  His termination status was not specified. |
| 37 | 11/15/2016 | 21585031 | Data Not Provided | M | Laptop and customer documents stolen from van. |
| 38 | 11/23/2016 | 21587264 | Data Not Provided | M | Laptop and customer info stolen from male employee while he attended corporate training at Marrott hotel. His termination status was not specified. |

-7-

| 39 | 11/30/2016 | 21587483 | Data Not Provided | M | Customer statements were stolen along with vehicle. |
| 40 | 1/25/2017 | 21961494 | Data Not Provided | M | Laptop and customer documents stolen from vehicle of male employee.  His termination status was not specified. |

Defendant's objection that some of these incidents occurred before May 2012 or after May 2015 is not well-founded.  First, as Plaintiff seeks data for only 16 incidents that occur outside this timeframe, the burden of production is very small.[2]  Second, incidents when Defendant did not terminate men for similar, or worse, conduct are highly relevant and probative to Plaintiff's disparate treatment claim i.e. to prove that Defendant treated Plaintiff more harshly than men.

Plaintiff requests that Defendant provide the current employment status for each of these 40 individuals as well as the individuals last known city and state.  The last known city and state will aid Plaintiff in making an efficient selection of the comparators for deposition.

3.  **SUPPLEMENTAL RESPONSES**

Defendant served supplemental responses on August 1, 2017, the last day of discovery in which it identified 5 not previously identified witnesses: Gregg Mitchell, Beverly Milanowski, Christian Aldritt, Jan Heilman, and Joan Sokua.  (See attached as Exhibit B, Defendant's Objections and Supplemental Responses to Plaintiff's Special Interrogatories, Set One, Response to Interrogatory 11.).  As these witnesses were not previously disclosed in its discovery responses or initial disclosures, Plaintiff has not had an opportunity to take discovery on these witnesses.

Defendant's argument that it was excused from disclosing these witnesses before depositions were taken does not make sense.  These witnesses were not revealed by Plaintiff in her deposition.  Defendant obviously knew the identities of its employees from the very beginning of of this litigation and was under an obligation to give full and timely disclosures.

Defendant also served amended initial disclosures in which it identified: Sherrie Monroe, Mark Cyrus, Jill Takeuchi, Bob Burich, Cathyleen Tautkus, and Scott Den Hartog.  (See attached

---

[2] Incidents 1—3 and 27—40.

as Exhibits C & D, Defendant's initial amended disclosures and amended initial disclosures). Plaintiff similarly objects to these witnesses as Plaintiff has not had an opportunity to take discovery on these witnesses. While it is true that Plaintiff canceled the PMK for which Cathyleen Tautkus was going to be the witness, she did so before Defendant indicated that it might use her at trial by including her in its amended disclosures. Had Plaintiff known that this was Defendant's intent – that is if Defendant had made a timely disclosure – Plaintiff would have taken the deposition.

Plaintiff requests either that discovery be permitted as to these newly disclosed witnesses or else that they be excluded from trial.

## 4. **SETTLEMENT**

The Court instructed the parties to set forth their positions on settlement negotiations. Plaintiff has proposed mediation and requested that Defendant suggest names of mediations. Defendant has not responded to date.

CRAVENS & ASSOCIATES

By _____ */s/ Daniel J. Cravens*
                                DANIEL J. CRAVENS

Attorneys for Plaintiff

PLAINTIFF'S STATEMENT RE DISCOVERY

# EXHIBT A

## Daniel J. Cravens

| | |
|---|---|
| **From:** | Daniel J. Cravens |
| **Sent:** | Monday, August 7, 2017 10:58 PM |
| **To:** | Hilary Habib |
| **Cc:** | Yosef Peretz (yperetz@peretzlaw.com); Marlene Nicolas; Julie Willis; Julie Willis |
| **Subject:** | RE: Bird Matter- Status Conference |

Counsel,

We are required to file a joint statement.  However, we cannot force Defendant to comply the rules.  If Defendant files its own statement, it must remove our sections.  Otherwise, it will mislead the Court as our prior version does not reflect our current position.  Plaintiff is still prepared to file a joint statement.  Please let me know Defendant's position ASAP.

Dan

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Monday, August 7, 2017 10:50 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Counsel,

No one strong arming anyone.  Your characterization of the timeline and new information added to the joint statement is inaccurate.  Your revisions require significant response, client review, and approval.  We will file the earlier version as "Defendant's Position Statement" and remove your signature block.  We will address your newly raised issues and arguments with the client tomorrow and will provide additional response or information tomorrow or Wednesday.

Best,


Hilary A. Habib
213.617.4165 | direct
213.443.2705 | direct fax
HHabib@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com


**From:** Daniel J. Cravens [mailto:dcravens@cravensassociates.com]
**Sent:** Monday, August 7, 2017 10:32 PM

**To:** Hilary Habib <HHabib@sheppardmullin.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>; Julie Willis <jwillis@cravensassociates.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Counsel,

Defendant's attempt to strong-arm Plaintiff into changing her position improper.   Defendant cannot dictate what Plaintiff includes or excludes for the documents.  In any event, Defendant had Friday, all weekend, and Monday until 5 p.m. to provide its additions.  Defendants additions contained many pages of argument including the new revelation that it deleted relevant information from the database just this year.  Plaintiff responded briefly to those arguments.  I believe that it was less than a page.  The additional names on the list are required because Defendant has taken the position that it will object to an <u>unknown number</u> of them based on the contention that the individuals did not work for Wells Fargo Bank, NA.  Defendant has had this list for several months but still has not indicated which or how many on the list fall within that category.  Plaintiff does not want to be in a position where she is surprised by the number of incidents that are excluded on this ground.   Also Defendant indicated that it will object to incidents outside the May 2012 to May 2015 date range, which required Plaintiff to add names that fall within this date range.

If we do not hear back from you by 11 p.m., we will file the document as Plaintiff's statement and will attach this email thread so that the Court knows that we tried to obtain a joint statement.

Dan

---

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Monday, August 7, 2017 10:14 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Counsel,

I have reviewed the statement that you sent after 9:00 p.m. tonight.  You added pages of new arguments and nearly doubled the amount of employees that you seek additional information on.  Given the late hour and breadth of your changes, I cannot provide authority to file the statement in its current version.  However, you have our permission to file the prior version of the statement that I sent you at 5:12 p.m.

Best,


Hilary A. Habib
213.617.4165 | direct
213.443.2705 | direct fax
HHabib@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main

2

**From:** Daniel J. Cravens [mailto:dcravens@cravensassociates.com]
**Sent:** Monday, August 7, 2017 10:02 PM
**To:** Hilary Habib <HHabib@sheppardmullin.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Okay.  Thank you.

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Monday, August 7, 2017 10:01 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

I anticipate that I will be able to send it to you by 10:30 p.m. for filing.  Thanks.


Hilary A. Habib
213.617.4165 | direct
213.443.2705 | direct fax
HHabib@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com


**From:** Hilary Habib
**Sent:** Monday, August 7, 2017 9:15 PM
**To:** 'Daniel J. Cravens' <dcravens@cravensassociates.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Thanks.  I am reviewing now, but will need Marlene's approval before anything is filed.

**From:** Daniel J. Cravens [mailto:dcravens@cravensassociates.com]
**Sent:** Monday, August 7, 2017 9:05 PM
**To:** Hilary Habib <HHabib@sheppardmullin.com>
**Cc:** Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Marlene Nicolas

<MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Please see the revised statement.  I will file it with the Court once we have your permission.

---

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Monday, August 7, 2017 8:23 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>
**Cc:** Julie Willis <jwillis@cravensassociates.com>
**Subject:** Re: Bird Matter- Status Conference

Also for WFB employees in the joint statement whose event occurred during the relevant time frame, we will state whether or not the employees were termed as a result of the violation (as well as their age and gender).

Sent from my iPhone

On Aug 7, 2017, at 8:14 PM, Daniel J. Cravens <dcravens@cravensassociates.com> wrote:

Just finishing up ….

---

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Monday, August 7, 2017 5:12 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>; Marlene Nicolas <MNicolas@sheppardmullin.com>; Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Julie Willis <jwillis@cravensassociates.com>; Sumy Kim <skim@peretzlaw.com>
**Subject:** RE: Bird Matter- Status Conference

Counsel,

The joint statement is attached.  Thanks.


Hilary A. Habib
213.617.4165 | direct
213.443.2705 | direct fax
HHabib@sheppardmullin.com | Bio


**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com

---

**From:** Daniel J. Cravens [mailto:dcravens@cravensassociates.com]
**Sent:** Monday, August 7, 2017 3:40 PM
**To:** Marlene Nicolas <MNicolas@sheppardmullin.com>; Hilary Habib <HHabib@sheppardmullin.com>; Yosef Peretz (yperetz@peretzlaw.com) <yperetz@peretzlaw.com>; Julie Willis <jwillis@cravensassociates.com>; Sumy Kim <skim@peretzlaw.com>
**Subject:** Re: Bird Matter- Status Conference

Great.  Thank you.


Sent via the Samsung Galaxy S7 edge, an AT&T 4G LTE smartphone


-------- Original message --------
From: Marlene Nicolas <MNicolas@sheppardmullin.com>
Date: 8/7/17 3:39 PM (GMT-08:00)
To: "Daniel J. Cravens" <dcravens@cravensassociates.com>, Hilary Habib
<HHabib@sheppardmullin.com>, "Yosef Peretz (yperetz@peretzlaw.com)"
<yperetz@peretzlaw.com>, Julie Willis <jwillis@cravensassociates.com>, Sumy Kim
<skim@peretzlaw.com>
Cc: Julie Willis <jwillis@cravensassociates.com>, Julie Willis <jwillis@cravensassociates.com>
Subject: RE: Bird Matter- Status Conference

It is with our client.  We should have it back shortly.

---

**From:** Daniel J. Cravens [mailto:dcravens@cravensassociates.com]
**Sent:** Monday, August 7, 2017 3:33 PM
**To:** Hilary Habib <HHabib@sheppardmullin.com>; Yosef Peretz (yperetz@peretzlaw.com)
<yperetz@peretzlaw.com>; Julie Willis <jwillis@cravensassociates.com>; Sumy Kim
<skim@peretzlaw.com>
**Cc:** Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>;
Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Counsel:

What is the eta on the joint statement?

Dan

---

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Friday, August 4, 2017 2:00 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>; Yosef Peretz (yperetz@peretzlaw.com)
<yperetz@peretzlaw.com>; Julie Willis <jwillis@cravensassociates.com>; Sumy Kim
<skim@peretzlaw.com>
**Cc:** Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

Great.  Thank you for calling.


Hilary A. Habib
213.617.4165 | direct
213.443.2705 | direct fax
HHabib@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com

---

**From:** Daniel J. Cravens [mailto:dcravens@cravensassociates.com]
**Sent:** Friday, August 4, 2017 1:57 PM
**To:** Hilary Habib <HHabib@sheppardmullin.com>; Yosef Peretz (yperetz@peretzlaw.com)
<yperetz@peretzlaw.com>; Julie Willis <jwillis@cravensassociates.com>; Sumy Kim
<skim@peretzlaw.com>
**Cc:** Marlene Nicolas <MNicolas@sheppardmullin.com>; Julie Willis <jwillis@cravensassociates.com>
**Subject:** RE: Bird Matter- Status Conference

I just got off the phone with the clerk.  The Court is fine with getting the statement on Monday and does
not want to move the hearing.

---

**From:** Hilary Habib [mailto:HHabib@sheppardmullin.com]
**Sent:** Friday, August 4, 2017 1:56 PM
**To:** Daniel J. Cravens <dcravens@cravensassociates.com>; Yosef Peretz (yperetz@peretzlaw.com)
<yperetz@peretzlaw.com>; Julie Willis <jwillis@cravensassociates.com>; Sumy Kim
<skim@peretzlaw.com>
**Cc:** Marlene Nicolas <MNicolas@sheppardmullin.com>
**Subject:** Bird Matter- Status Conference

Counsel,

To follow up on our call, you said you're going to call the Court and request that we continue the status
conference, and if the Court isn't agreeable, request to turn in the statement on Monday.  Please advise
as to what the Court says when you are able.

Best,


Hilary A. Habib
213.617.4165 | direct
213.443.2705 | direct fax
HHabib@sheppardmullin.com | Bio


**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

EXHIBT B

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2      Including Professional Corporations
    THOMAS R. KAUFMAN, Cal. Bar No. 177936
3  tkaufman@sheppardmullin.com
    1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067-6055
    Telephone:   310.228.3700
5  Facsimile:   310.228.3701

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
7      Including Professional Corporations
    MARLENE M. NICOLAS, Cal. Bar No. 245298
8  mnicolas@sheppardmullin.com
    HILARY A. HABIB, Cal. Bar No. 293431
9  hhabib@sheppardmullin.com
    333 S. Hope Street, 43rd Floor
10 Los Angeles, California 90071
    Telephone:   213.620-1780
11 Facsimile:   213.620.1398
    Attorneys for Defendant
12 WELLS FARGO BANK, N.A.,

13                 UNITED STATES DISTRICT COURT

14                     EASTERN DISTRICT

15 KIMBERLY SUE BIRD, | Case No. 1:16-CV-01130-DAD-EPG

16         Plaintiff, | **DEFENDANT'S OBJECTIONS AND**
*SUPPLEMENTAL* **RESPONSES TO**
17         v. | **PLAINTIFF'S SPECIAL**
**INTERROGATORIES, SET ONE**
18 WELLS FARGO BANK., a California
Corporation, and Does I-XX, inclusive | Complaint Filed:  March 4, 2016
19           | FAC Filed:  July 7, 2017
        Defendants.
20

21

22

23 **PROPOUNDING PARTY**:    KIMBERLY SUE BIRD

24 **RESPONDING PARTY**:    WELLS FARGO BANK, N.A.

25 **SET NO.**:    ONE

26 **NOS.**:    4, 5, 7, 11, 13-25

27

28

**Exhibit B - 1**

1    Defendant Wells Fargo Bank, N.A. ("WFB") provides *supplemental* responses to

2  Special Interrogatories, Set One, served by Plaintiff Kimberly Sue Bird ("Plaintiff") as

3  follows:

## I.    PRELIMINARY STATEMENT

5    These responses are made solely for the purposes of, and in relation to, this lawsuit.

6  Each response is subject to all appropriate objections that would require the exclusion of

7  any information produced at the time of trial, including, but not limited to, objections as to

8  competency, relevancy, confidentiality, and admissibility.  All such objections and grounds

9  therefore are reserved and may be made at the time of trial.

10    WFB has not yet completed its investigation of the facts relating to this case, has

11  not fully completed discovery in this matter, and has not fully completed preparation for

12  trial.  Accordingly, all of the responses below are based only on such information that is

13  presently available to and specifically known to WFB at this time.  Furthermore, these

14  responses disclose only those contentions that presently occur to WFB.

15    It is anticipated that further discovery, independent investigation, legal research and

16  analysis will supply additional facts, add meaning to the known facts, and establish

17  entirely new factual and legal contentions, all of which may lead to substantial additions

18  to, changes in, and variations from the responses set forth below.  These responses are

19  given without prejudice to WFB's right to produce evidence of any subsequently

20  discovered facts or documents or other tangible things that WFB may later discover or

21  recall.  Accordingly, WFB hereby reserves the right to add to, modify, or otherwise change

22  or amend the responses below as additional facts are ascertained, analysis and contentions

23  are made, and legal research is completed.

24    The responses below are made in a good faith effort to supply as much factual

25  information and specification of legal contentions as is presently known, but should in no

26  way be to the prejudice of WFB in relation to further discovery, research or legal analysis.

27    No incidental or implied admissions are intended by the responses herein.  The fact

28  that WFB answered or objected to any interrogatory should not be taken as an admission

-1-

**Exhibit B - 2**

1  that WFB accepts or admits the existence of any "facts" set forth or assumed by such

2  interrogatory.  The fact that WFB has answered part or all of an interrogatory is not

3  intended to be, and should not be construed as, a waiver by WFB of any part of any

4  objection to such interrogatory.

5       This preliminary statement is incorporated into each response below.

6  ## II.    GENERAL OBJECTIONS

7       Each response below is subject to the following general objections.  These general

8  objections form a part of each response and are set forth here to avoid duplication and

9  repetition caused by restating them in each response.  These general objections may be

10  specifically interposed for the purpose of clarity in response to an individual interrogatory.

11  However, the failure to specifically incorporate any general objection in a particular

12  response should not be construed as a waiver of the objection.

13      1.    **SCOPE**:  WFB objects to each interrogatory to the extent it is vague, overly

14  broad, oppressive, unintelligible, harassing, or vexatious; imposes undue burden or

15  expense; seeks information not apparently relevant to the claims or defenses of any party

16  nor likely to lead to the discovery of admissible evidence; and/or seeks information not

17  within WFB's possession, custody, or control.

18      2.    **PRIVILEGE**:  WFB objects to each interrogatory to the extent it calls for

19  information protected by the attorney-client privilege, the work product doctrine, or any

20  other privilege or protection from discovery.

21      3.    **UNDULY BURDENSOME**:  WFB objects to each interrogatory to the

22  extent it seeks to impose burdens and obligations not contemplated by or exceeding the

23  requirements of the Federal Rules of Civil Procedure.

24      4.    **CONFIDENTIAL INFORMATION**:  WFB objects to each interrogatory

25  to the extent it seeks disclosure of (1) information that would violate the privacy rights of

26  individuals, and/or (2) confidential business or commercial information, trade secrets,

27  and/or proprietary information, including financial information, of WFB and/or third

28  parties.

-2-

1    These general objections are incorporated into <u>each</u> response below.

2    **RESPONSE TO SPECIAL INTERROGATORIES**

3    **SPECIAL INTERROGATORY NO. 4:**

4    IDENTIFY the persons who provided information considered in making the

5    decision to terminate Plaintiff.

6    **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

7    WFB objects to this Interrogatory on the following grounds:  It seeks to violate third

8    party privacy rights to an extent incommensurate with Plaintiff's legitimate discovery

9    needs.

10   Subject to and without waiving the foregoing objections, WFB responds as follows:

11   Plaintiff, John Fassbender, Mary Norris, Dave Kaneda, Dave Rader, Art Rowland,

12   Kenneth Ramos, Lacie Chestnut, Scott Den Hartog, Sherrie Monroe.  Aside from Plaintiff,

13   these individuals may be contacted through Sheppard, Mullin, Richter & Hampton LLP,

14   333 S. Hope Street, 43rd Floor, Los Angeles, California 90071, (213) 620-1780.

15   ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

16   WFB objects to this Interrogatory on the following grounds:  It seeks to violate third

17   party privacy rights to an extent incommensurate with Plaintiff's legitimate discovery

18   needs.

19   Subject to and without waiving the foregoing objections, WFB responds as follows:

20   Plaintiff, John Fassbender, Mary Norris, Dave Kaneda, Dave Rader, Art Rowland,

21   Kenneth Ramos, Lacie Chestnut, Scott Den Hartog, Scott McAngus, and Sherrie Monroe.

22   Aside from Plaintiff, these individuals may be contacted through Sheppard, Mullin,

23   Richter & Hampton LLP, 333 S. Hope Street, 43rd Floor, Los Angeles, California 90071,

24   (213) 620-1780.

25   **SPECIAL INTERROGATORY NO. 5:**

26   IDENTIFY all documents that YOU considered in making YOUR decision to

27   terminate PLAINTIFF.

28

-3-

**Exhibit B - 4**

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

WFB objects to this Interrogatory on the following grounds:  As used herein, the term "considered" is vague and ambiguous.

Subject to and without waiving the foregoing objections, WFB responds as follows: The documents in the bag stolen from Plaintiff's car; WFB's Team Member Handbook; WFB's Information Security Policy; the Fresno Police Report Case No. 14-023634; and, correspondence with and forms provided to WFB's Compromised Data team on April 2, 2014.

***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

WFB objects to this Interrogatory on the following grounds:  As used herein, the term "considered" is vague and ambiguous.

Subject to and without waiving the foregoing objections, WFB responds as follows: The documents in the bag stolen from Plaintiff's car; WFB's Team Member Handbook; WFB's Information Security Policy; records demonstrating Plaintiff's completion of training courses regarding Protecting Wells Fargo Information for 2010 through 2013; email correspondence to/from Plaintiff, John Fassbender, Mary Norris, Dave Kaneda, Dave Rader, Art Rowland, and Lacie Chestnut between April 2, 2014 and May 5, 2014; the Fresno Police Report Case No. 14-023634; and, correspondence with and forms provided to WFB's Compromised Data team on April 2, 2014.

**SPECIAL INTERROGATORY NO. 7:**

Describe all communications in which you informed any person of YOUR decision to terminate PLAINTIFF by stating the date of the communication, substance of the communication, and the full names of the individuals involved in the communication, and whether the communications was in person, by telephone, email or other means.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

WFB objects to this Interrogatory on the following grounds:  It is vague and ambiguous as to whom is making the disclosure and it is not reasonably limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive, and harassing; it

-4-

**Exhibit B - 5**

1   seeks information protected by the attorney-client privilege and attorney work product

2   doctrine; it seeks to violate third party privacy rights to an extent incommensurate with

3   Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

4   commercial, financial, and/or proprietary business information to an extent

5   incommensurate with Plaintiff's legitimate discovery needs; it seeks information that is not

6   relevant to the subject matter involved in the pending action and not reasonably calculated

7   to lead to the discovery of admissible evidence; it is vague and ambiguous as to the phrase

8   "substance of the communication;" it is compound; any and all written communications

9   speak for themselves and will not be restated herein.

10      WFB further objects to this request on the ground that potentially responsive

11   documents and information are not reasonably accessible to WFB because they are not

12   maintained in a manner that is readily searchable with the specificity requested.  Therefore,

13   a search for the same within the time frame requested would result in undue burden and

14   expense that is completely disproportional to the benefit of such a search yielding any

15   information relevant to the claims or defenses in this case.

16      Subject to and without waiving the foregoing objection, WFB responds as follows:

17   On May 5, 2014, Mary Norris and Ken Ramos informed Plaintiff of the termination

18   decision verbally.  Plaintiff was advised of the decision as set forth in the termination

19   letter.  Also, see documents produced herewith:  Plaintiff's May 5, 2014 termination letter;

20   May 9, 2014 email correspondence from Mary Norris to the BBG Management Team in

21   the Central Valley & Central Coast; Human Resource Advisor case notes for HRA Case

22   No. 5293149 and email correspondence evidencing communications between Lacie

23   Chestnut and John Fassbender on April 23, 2014, May 5, 2014, and May 8, 2014.

24   Discovery is continuing and WFB reserves the right to amend this response following

25   further discovery.

26   ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

27      WFB objects to this Interrogatory on the following grounds:  It is vague and

28   ambiguous as to whom is making the disclosure and it is not reasonably limited in time or

-5-

**Exhibit B - 6**

1   scope and, therefore, it is overbroad, unduly burdensome, oppressive, and harassing; it

2   seeks information protected by the attorney-client privilege and attorney work product

3   doctrine; it seeks to violate third party privacy rights to an extent incommensurate with

4   Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

5   commercial, financial, and/or proprietary business information to an extent

6   incommensurate with Plaintiff's legitimate discovery needs; it seeks information that is not

7   relevant to the subject matter involved in the pending action and not reasonably calculated

8   to lead to the discovery of admissible evidence; it is vague and ambiguous as to the phrase

9   "substance of the communication;" it is compound; any and all written communications

10  speak for themselves and will not be restated herein.

11         WFB further objects to this request on the ground that potentially responsive

12  documents and information are not reasonably accessible to WFB because they are not

13  maintained in a manner that is readily searchable with the specificity requested.  Therefore,

14  a search for the same within the time frame requested would result in undue burden and

15  expense that is completely disproportional to the benefit of such a search yielding any

16  information relevant to the claims or defenses in this case.

17         Subject to and without waiving the foregoing objection, WFB responds as follows:

18  On May 5, 2014, Mary Norris and Ken Ramos informed Plaintiff of the termination

19  decision verbally.  Plaintiff was advised of the decision as set forth in the termination

20  letter.  There were also various verbal discussions between Dave Rader, Dave Kaneda,

21  John Fassbender and Mary Norris between April 2, 2014 and May 5, 2014 regarding the

22  decision to terminate Plaintiff's employment.  In response to concerns raised by comments

23  made by Plaintiff on her last of work, Mary Norris explained the rationale for Plaintiff's

24  termination with WFB Business Bankers who worked with Plaintiff in Fresno during a

25  roundtable meeting, as set forth in her June 17, 2014 email, produced at BIRD/WFB

26  000244.  In response to a letter from Plaintiff counsel received in mid-October 2014, Sr.

27  Employee Relations Consultant Brian Kirkwood interviewed John Fassbender, Mary

28  Norris, and David Kaneda about the rationale for Plaintiff's termination.  These interviews

**Exhibit B - 7**

1 | were conducted in November and December 2014 and a report regarding these interviews
2 | has been previously produced at WFB 174-178.  Also, see additional documents
3 | previously produced:  Plaintiff's May 5, 2014 termination letter; May 9, 2014 email
4 | correspondence from Mary Norris to the BBG Management Team in the Central Valley &
5 | Central Coast; correspondence with the Employment Development Department regarding
6 | Plaintiff's request and appeal for unemployment, as well as documents regarding her
7 | request; Human Resource Advisor case notes for HRA Case No. 5293149 and email
8 | correspondence evidencing various communications between Lacie Chestnut and John
9 | Fassbender between April 23, 2014  and May 25, 2014.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all persons that complained about PLAINTIFF's job performance.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

WFB objects to this Interrogatory on the following grounds:  It is not reasonably limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive, and harassing; it seeks to violate third party privacy rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks information that is not relevant to the subject matter involved in the pending action and not reasonably calculated to lead to the discovery of admissible evidence; it is vague and ambiguous as to the term "complained" and the phrase "job performance."

***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

WFB objects to this Interrogatory on the following grounds:  It is not reasonably limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive, and harassing; it seeks to violate third party privacy rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks information that is not relevant to the subject matter involved in the pending action and not reasonably calculated to lead to the discovery of admissible evidence; it is vague and ambiguous as to the term "complained" and the phrase "job performance."

-7-

SMRH:483566257.1 | DEFENDANT'S *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE

**Exhibit B - 8**

1        Subject to and without waiving the foregoing objection, WFB responds as follows:

2  Kenneth Ramos advised Mary Norris that Plaintiff was not diligent in protecting customer

3  information at the office.

4  **SECOND *SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO.**

5  **11:**

6        WFB objects to this Interrogatory on the following grounds:  It is not reasonably

7  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

8  and harassing; it seeks to violate third party privacy rights to an extent incommensurate

9  with Plaintiff's legitimate discovery needs; it seeks information that is not relevant to the

10  subject matter involved in the pending action and not reasonably calculated to lead to the

11  discovery of admissible evidence; it is vague and ambiguous as to the term "complained"

12  and the phrase "job performance."

13        Subject to and without waiving the foregoing objection, WFB responds as follows:

14  On or about April 25, 2014, Kenneth Ramos advised Mary Norris that Plaintiff was not

15  diligent in protecting WFB's assets and customer information at the Fresno office and that

16  he had several conversations with her regarding the same.  Additionally, over the course of

17  Plaintiff's employment, David Kaneda and Mary Norris received various complaints

18  regarding Plaintiff's failure to follow protocol regarding the proper and timely submission

19  of files, failure to timely respond to request for information from business partners, failure

20  to timely respond to customers, and failure to properly manage customer expectations on

21  the process from the following individuals: Mary Norris, Gregg Mitchell, Beverly

22  Milanowski, James Hall, Kenneth Ramos, Christian Aldritt, Jan Heilman, and Joana

23  Sokua.  WFB produced all non-privileged documents located following a reasonable

24  search and which evidence the written complaints raised by these individuals.  Further,

25  Mary Norris, David Kaneda and David Rader complained about Plaintiff's repeated failure

26  to properly and timely submit expenses.  David Kaneda, David Rader, Mary Norris, Gregg

27  Mitchell, Beverly Milanowski, James Hall, Kenneth Ramos, Christian Aldritt, and Joana

28  Sokua may be contacted by and through defense counsel.  Jan Heilman is deceased.

-8-

1  **SPECIAL INTERROGATORY NO. 13:**

2  　　　For each year from 2005 to the present, IDENTIFY the YOUR Business

3  Development Officers by their full names, the location where they worked, and the dates

4  that they served as Business Development Officers in the State of California.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

6  　　　WFB objects to this Interrogatory on the following grounds:  It is not reasonably

7  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

8  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

9  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

10  private, privileged, and confidential commercial, financial, and/or proprietary business

11  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

12  it seeks information that is not relevant to the subject matter involved in the pending action

13  and not reasonably calculated to lead to the discovery of admissible evidence.

14  　　　WFB further objects to this request on the ground that potentially responsive

15  information is not reasonably accessible to WFB because it is not maintained in a manner

16  that is readily searchable with the specificity requested.  Therefore, a search for the same

17  within the time frame requested would result in undue burden and expense that is

18  completely disproportional to the benefit of such a search yielding any information

19  relevant to the claims or defenses in this case.

20  *SUPPLEMENTAL* **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

21  　　　WFB objects to this Interrogatory on the following grounds:  It is not reasonably

22  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

23  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

24  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

25  private, privileged, and confidential commercial, financial, and/or proprietary business

26  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

27  it seeks information that is not relevant to the subject matter involved in the pending action

28  and not reasonably calculated to lead to the discovery of admissible evidence.

-9-

**Exhibit B - 10**

1    WFB further objects to this request on the ground that potentially responsive

2  information is not reasonably accessible to WFB because it is not maintained in a manner

3  that is readily searchable with the specificity requested.  Therefore, a search for the same

4  within the time frame requested would result in undue burden and expense that is

5  completely disproportional to the benefit of such a search yielding any information

6  relevant to the claims or defenses in this case.

7    Subject to and without waiving the foregoing objection, WFB responds as follows:

8  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

9  search and produced demographic data regarding the age, gender, and employment status

10  (whether still working, fired or resigned) of all Business Development Officers who

11  worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

12  16.

13  **SPECIAL INTERROGATORY NO. 14:**

14    For each year from 2005 to the present, state the full names and date of birth of

15  Business Development Officers in the State of California.

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

17    WFB objects to this Interrogatory on the following grounds:  It is not reasonably

18  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

19  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

20  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

21  private, privileged, and confidential commercial, financial, and/or proprietary business

22  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

23  it seeks information that is not relevant to the subject matter involved in the pending action

24  and not reasonably calculated to lead to the discovery of admissible evidence.

25    WFB further objects to this request on the ground that potentially responsive

26  information is not reasonably accessible to WFB because it is not maintained in a manner

27  that is readily searchable with the specificity requested.  Therefore, a search for the same

28  within the time frame requested would result in undue burden and expense that is

-10-

**Exhibit B - 11**

1   completely disproportional to the benefit of such a search yielding any information

2   relevant to the claims or defenses in this case.

3   ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

4        WFB objects to this Interrogatory on the following grounds:  It is not reasonably

5   limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

6   and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

7   rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

8   private, privileged, and confidential commercial, financial, and/or proprietary business

9   information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

10  it seeks information that is not relevant to the subject matter involved in the pending action

11  and not reasonably calculated to lead to the discovery of admissible evidence.

12        WFB further objects to this request on the ground that potentially responsive

13  information is not reasonably accessible to WFB because it is not maintained in a manner

14  that is readily searchable with the specificity requested.  Therefore, a search for the same

15  within the time frame requested would result in undue burden and expense that is

16  completely disproportional to the benefit of such a search yielding any information

17  relevant to the claims or defenses in this case.

18        Subject to and without waiving the foregoing objection, WFB responds as follows:

19  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

20  search and produced demographic data regarding the age, gender, and employment status

21  (whether still working, fired or resigned) of all Business Development Officers who

22  worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

23  16.

24  **SPECIAL INTERROGATORY NO.15:**

25        For each year from 2005 to the present, state the full names and gender of Business

26  Development Officers in the State of California.

27

28

-11-

**Exhibit B - 12**

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

2  WFB objects to this Interrogatory on the following grounds:  It is not reasonably

3  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

4  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

5  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

6  private, privileged, and confidential commercial, financial, and/or proprietary business

7  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

8  it seeks information that is not relevant to the subject matter involved in the pending action

9  and not reasonably calculated to lead to the discovery of admissible evidence.

10  WFB further objects to this request on the ground that potentially responsive

11  information is not reasonably accessible to WFB because it is not maintained in a manner

12  that is readily searchable with the specificity requested.  Therefore, a search for the same

13  within the time frame requested would result in undue burden and expense that is

14  completely disproportional to the benefit of such a search yielding any information

15  relevant to the claims or defenses in this case.

16  *SUPPLEMENTAL* **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

17  WFB objects to this Interrogatory on the following grounds:  It is not reasonably

18  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

19  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

20  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

21  private, privileged, and confidential commercial, financial, and/or proprietary business

22  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

23  it seeks information that is not relevant to the subject matter involved in the pending action

24  and not reasonably calculated to lead to the discovery of admissible evidence.

25  WFB further objects to this request on the ground that potentially responsive

26  information is not reasonably accessible to WFB because it is not maintained in a manner

27  that is readily searchable with the specificity requested.  Therefore, a search for the same

28  within the time frame requested would result in undue burden and expense that is

-12-

Exhibit B - 13

1  completely disproportional to the benefit of such a search yielding any information

2  relevant to the claims or defenses in this case.

3      Subject to and without waiving the foregoing objection, WFB responds as follows:

4  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

5  search and produced demographic data regarding the age, gender, and employment status

6  (whether still working, fired or resigned) of all Business Development Officers who

7  worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

8  16.

9  **SPECIAL INTERROGATORY NO. 16:**

10      For each year from 2005 to the present, identify by name and date of termination

11  each Business Development Officer terminated by YOU.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

13      WFB objects to this Interrogatory on the following grounds:  It is not reasonably

14  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

15  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

16  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

17  private, privileged, and confidential commercial, financial, and/or proprietary business

18  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

19  it seeks information that is not relevant to the subject matter involved in the pending action

20  and not reasonably calculated to lead to the discovery of admissible evidence.

21      WFB further objects to this request on the ground that potentially responsive

22  information is not reasonably accessible to WFB because it is not maintained in a manner

23  that is readily searchable with the specificity requested.  Therefore, a search for the same

24  within the time frame requested would result in undue burden and expense that is

25  completely disproportional to the benefit of such a search yielding any information

26  relevant to the claims or defenses in this case.

27

28

-13-

**Exhibit B - 14**

1  _SUPPLEMENTAL_ **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

2      WFB objects to this Interrogatory on the following grounds:  It is not reasonably

3  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

4  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

5  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

6  private, privileged, and confidential commercial, financial, and/or proprietary business

7  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

8  it seeks information that is not relevant to the subject matter involved in the pending action

9  and not reasonably calculated to lead to the discovery of admissible evidence.

10     WFB further objects to this request on the ground that potentially responsive

11  information is not reasonably accessible to WFB because it is not maintained in a manner

12  that is readily searchable with the specificity requested.  Therefore, a search for the same

13  within the time frame requested would result in undue burden and expense that is

14  completely disproportional to the benefit of such a search yielding any information

15  relevant to the claims or defenses in this case.

16     Subject to and without waiving the foregoing objection, WFB responds as follows:

17  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

18  search and produced demographic data regarding the age, gender, and employment status

19  (whether still working, fired or resigned) of all Business Development Officers who

20  worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

21  16.

22  **SPECIAL INTERROGATORY NO. 17:**

23     For each year from 2005 to the present, state the full names and gender of YOUR

24  Business Development Officers in the State of California.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

26     WFB objects to this Interrogatory on the following grounds:  It is duplicative of

27  Interrogatory No. 15 and is not reasonably limited in time or scope and, therefore, it is

28  overbroad, unduly burdensome, oppressive, and harassing; it is particularly overbroad as to

1   time; it seeks to violate third party privacy rights to an extent incommensurate with

2   Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

3   commercial, financial, and/or proprietary business information to an extent

4   incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that

5   is not relevant to the subject matter involved in the pending action and not reasonably

6   calculated to lead to the discovery of admissible evidence.

7          WFB further objects to this request on the ground that potentially responsive

8   information is not reasonably accessible to WFB because it is not maintained in a manner

9   that is readily searchable with the specificity requested.  Therefore, a search for the same

10  within the time frame requested would result in undue burden and expense that is

11  completely disproportional to the benefit of such a search yielding any information

12  relevant to the claims or defenses in this case.

13  ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

14         WFB objects to this Interrogatory on the following grounds:  It is duplicative of

15  Interrogatory No. 15 and is not reasonably limited in time or scope and, therefore, it is

16  overbroad, unduly burdensome, oppressive, and harassing; it is particularly overbroad as to

17  time; it seeks to violate third party privacy rights to an extent incommensurate with

18  Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

19  commercial, financial, and/or proprietary business information to an extent

20  incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that

21  is not relevant to the subject matter involved in the pending action and not reasonably

22  calculated to lead to the discovery of admissible evidence.

23         WFB further objects to this request on the ground that potentially responsive

24  information is not reasonably accessible to WFB because it is not maintained in a manner

25  that is readily searchable with the specificity requested.  Therefore, a search for the same

26  within the time frame requested would result in undue burden and expense that is

27  completely disproportional to the benefit of such a search yielding any information

28  relevant to the claims or defenses in this case.

-15-

1    Subject to and without waiving the foregoing objection, WFB responds as follows:

2 Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

3 search and produced demographic data regarding the age, gender, and employment status

4 (whether still working, fired or resigned) of all Business Development Officers who

5 worked for WFB in California from May 6, 2012 until May 6, 2015. See Dkt. 26 p. 12:14-

6 16.

7 **SPECIAL INTERROGATORY NO. 18:**

8    For each year from 2005 to the present, state the total number of Business

9 Development Officers in the State of California.

10 **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

11    WFB objects to this Interrogatory on the following grounds:  It is not reasonably

12 limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

13 and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

14 rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

15 private, privileged, and confidential commercial, financial, and/or proprietary business

16 information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

17 it seeks information that is not relevant to the subject matter involved in the pending action

18 and not reasonably calculated to lead to the discovery of admissible evidence.

19    WFB further objects to this request on the ground that potentially responsive

20 information is not reasonably accessible to WFB because it is not maintained in a manner

21 that is readily searchable with the specificity requested.  Therefore, a search for the same

22 within the time frame requested would result in undue burden and expense that is

23 completely disproportional to the benefit of such a search yielding any information

24 relevant to the claims or defenses in this case.

25 ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

26    WFB objects to this Interrogatory on the following grounds:  It is not reasonably

27 limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

28 and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

**Exhibit B - 17**

1   rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

2   private, privileged, and confidential commercial, financial, and/or proprietary business

3   information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

4   it seeks information that is not relevant to the subject matter involved in the pending action

5   and not reasonably calculated to lead to the discovery of admissible evidence.

6        WFB further objects to this request on the ground that potentially responsive

7   information is not reasonably accessible to WFB because it is not maintained in a manner

8   that is readily searchable with the specificity requested.  Therefore, a search for the same

9   within the time frame requested would result in undue burden and expense that is

10  completely disproportional to the benefit of such a search yielding any information

11  relevant to the claims or defenses in this case.

12       Subject to and without waiving the foregoing objection, WFB responds as follows:

13  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

14  search and produced demographic data regarding the age, gender, and employment status

15  (whether still working, fired or resigned) of all Business Development Officers who

16  worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

17  16.

18  **SPECIAL INTERROGATORY NO. 19:**

19       For each year from 2005 to the present, state the total number of female Business

20  Development Officers in the State of California.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

22       WFB objects to this Interrogatory on the following grounds:  It is not reasonably

23  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

24  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

25  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

26  private, privileged, and confidential commercial, financial, and/or proprietary business

27  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

28

-17-

**Exhibit B - 18**

1  it seeks information that is not relevant to the subject matter involved in the pending action

2  and not reasonably calculated to lead to the discovery of admissible evidence.

3       WFB further objects to this request on the ground that potentially responsive

4  information is not reasonably accessible to WFB because it is not maintained in a manner

5  that is readily searchable with the specificity requested.  Therefore, a search for the same

6  within the time frame requested would result in undue burden and expense that is

7  completely disproportional to the benefit of such a search yielding any information

8  relevant to the claims or defenses in this case.

9  ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

10       WFB objects to this Interrogatory on the following grounds:  It is not reasonably

11  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

12  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

13  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

14  private, privileged, and confidential commercial, financial, and/or proprietary business

15  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

16  it seeks information that is not relevant to the subject matter involved in the pending action

17  and not reasonably calculated to lead to the discovery of admissible evidence.

18       WFB further objects to this request on the ground that potentially responsive

19  information is not reasonably accessible to WFB because it is not maintained in a manner

20  that is readily searchable with the specificity requested.  Therefore, a search for the same

21  within the time frame requested would result in undue burden and expense that is

22  completely disproportional to the benefit of such a search yielding any information

23  relevant to the claims or defenses in this case.

24       Subject to and without waiving the foregoing objection, WFB responds as follows:

25  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

26  search and produced demographic data regarding the age, gender, and employment status

27  (whether still working, fired or resigned) of all Business Development Officers who

28

-18-

**Exhibit B - 19**

1   worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

2   16.

3   **SPECIAL INTERROGATORY NO. 20:**

4       For each year from 2005 to the present, state the total number of Business

5   Development Officers in the State of California younger who were younger than 40 years

6   of age as of the last day of the year.

7   **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

8       WFB objects to this Interrogatory on the following grounds:  It is not reasonably

9   limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

10  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

11  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

12  private, privileged, and confidential commercial, financial, and/or proprietary business

13  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

14  it seeks information that is not relevant to the subject matter involved in the pending action

15  and not reasonably calculated to lead to the discovery of admissible evidence.

16      WFB further objects to this request on the ground that potentially responsive

17  information is not reasonably accessible to WFB because it is not maintained in a manner

18  that is readily searchable with the specificity requested.  Therefore, a search for the same

19  within the time frame requested would result in undue burden and expense that is

20  completely disproportional to the benefit of such a search yielding any information

21  relevant to the claims or defenses in this case.

22  ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

23      WFB objects to this Interrogatory on the following grounds:  It is not reasonably

24  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

25  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

26  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

27  private, privileged, and confidential commercial, financial, and/or proprietary business

28  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

-19-

**Exhibit B - 20**

1   it seeks information that is not relevant to the subject matter involved in the pending action

2   and not reasonably calculated to lead to the discovery of admissible evidence.

3         WFB further objects to this request on the ground that potentially responsive

4   information is not reasonably accessible to WFB because it is not maintained in a manner

5   that is readily searchable with the specificity requested.  Therefore, a search for the same

6   within the time frame requested would result in undue burden and expense that is

7   completely disproportional to the benefit of such a search yielding any information

8   relevant to the claims or defenses in this case.

9         Subject to and without waiving the foregoing objection, WFB responds as follows:

10   Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

11   search and produced demographic data regarding the age, gender, and employment status

12   (whether still working, fired or resigned) of all Business Development Officers who

13   worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

14   16.

15   **SPECIAL INTERROGATORY NO. 21:**

16         For each year from 2005 to the present, state the total number of Business

17   Development Officers in the State of California younger who were age 40 years or older as

18   of the last day of the year.

19   **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

20         WFB objects to this Interrogatory on the following grounds:  It is not reasonably

21   limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

22   and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

23   rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

24   private, privileged, and confidential commercial, financial, and/or proprietary business

25   information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

26   it seeks information that is not relevant to the subject matter involved in the pending action

27   and not reasonably calculated to lead to the discovery of admissible evidence.

28

-20-

**Exhibit B - 21**

1      WFB further objects to this request on the ground that potentially responsive

2  information is not reasonably accessible to WFB because it is not maintained in a manner

3  that is readily searchable with the specificity requested.  Therefore, a search for the same

4  within the time frame requested would result in undue burden and expense that is

5  completely disproportional to the benefit of such a search yielding any information

6  relevant to the claims or defenses in this case.

7  *SUPPLEMENTAL* **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

8      WFB objects to this Interrogatory on the following grounds:  It is not reasonably

9  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

10  and harassing; it is particularly overbroad as to time; it seeks to violate third party privacy

11  rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks

12  private, privileged, and confidential commercial, financial, and/or proprietary business

13  information to an extent incommensurate with Plaintiff's legitimate discovery needs; and,

14  it seeks information that is not relevant to the subject matter involved in the pending action

15  and not reasonably calculated to lead to the discovery of admissible evidence.

16      WFB further objects to this request on the ground that potentially responsive

17  information is not reasonably accessible to WFB because it is not maintained in a manner

18  that is readily searchable with the specificity requested.  Therefore, a search for the same

19  within the time frame requested would result in undue burden and expense that is

20  completely disproportional to the benefit of such a search yielding any information

21  relevant to the claims or defenses in this case.

22      Subject to and without waiving the foregoing objection, WFB responds as follows:

23  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

24  search and produced demographic data regarding the age, gender, and employment status

25  (whether still working, fired or resigned) of all Business Development Officers who

26  worked for WFB in California from May 6, 2012 until May 6, 2015.  See Dkt. 26 p. 12:14-

27  16.

28

-21-

**Exhibit B - 22**

1  **SPECIAL INTERROGATORY NO. 22:**

2      Identify by name, date of birth, and gender all employees disciplined in any manner,

3  up to and including termination, for violating YOUR Information Security Policy.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

5      WFB objects to this Interrogatory on the following grounds:  It is not reasonably

6  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

7  and harassing; it seeks to violate third party privacy rights to an extent incommensurate

8  with Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

9  commercial, financial, and/or proprietary business information to an extent

10  incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that

11  is not relevant to the subject matter involved in the pending action and not reasonably

12  calculated to lead to the discovery of admissible evidence.

13      WFB further objects to this request on the ground that potentially responsive

14  information is not reasonably accessible to WFB because it is not maintained in a manner

15  that is readily searchable with the specificity requested.  Therefore, a search for the same

16  within the time frame requested would result in undue burden and expense that is

17  completely disproportional to the benefit of such a search yielding any information

18  relevant to the claims or defenses in this case.

19  ***SUPPLEMENTAL* RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

20      WFB objects to this Interrogatory on the following grounds:  It is not reasonably

21  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

22  and harassing; it seeks to violate third party privacy rights to an extent incommensurate

23  with Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

24  commercial, financial, and/or proprietary business information to an extent

25  incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that

26  is not relevant to the subject matter involved in the pending action and not reasonably

27  calculated to lead to the discovery of admissible evidence.

28

-22-

**Exhibit B - 23**

1    WFB further objects to this request on the ground that potentially responsive

2  information is not reasonably accessible to WFB because it is not maintained in a manner

3  that is readily searchable with the specificity requested.  Therefore, a search for the same

4  within the time frame requested would result in undue burden and expense that is

5  completely disproportional to the benefit of such a search yielding any information

6  relevant to the claims or defenses in this case.

7    Subject to and without waiving the foregoing objection, WFB responds as follows:

8  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

9  search for employees who were deemed to have violated Wells Fargo's Information

10  Security Policy from May 6, 2012 until May 6, 2015.  Based on the findings from that

11  reasonable search, WFB conducted a further reasonable search to determine whether the

12  employee was terminated for the violation at issue.  Based on the findings from these

13  reasonable searches, WFB provided data indicating the employee's age, gender, and

14  whether the employee was terminated as a result of the violation.  See Dkt. 26 p. 12:7-9.

15  **SPECIAL INTERROGATORY NO. 23:**

16    For each employee identified above, state the discipline given for violating YOUR

17  Information Security Policy.

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

19    WFB objects to this Interrogatory on the following grounds:  It is not reasonably

20  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

21  and harassing; it seeks to violate third party privacy rights to an extent incommensurate

22  with Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

23  commercial, financial, and/or proprietary business information to an extent

24  incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that

25  is not relevant to the subject matter involved in the pending action and not reasonably

26  calculated to lead to the discovery of admissible evidence.

27    WFB further objects to this request on the ground that potentially responsive

28  information is not reasonably accessible to WFB because it is not maintained in a manner

-23-

DEFENDANT'S *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S SPECIAL
                                                            INTERROGATORIES, SET ONE

1   that is readily searchable with the specificity requested.  Therefore, a search for the same

2   within the time frame requested would result in undue burden and expense that is

3   completely disproportional to the benefit of such a search yielding any information

4   relevant to the claims or defenses in this case.

5   *SUPPLEMENTAL* **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

6          WFB objects to this Interrogatory on the following grounds:  It is not reasonably

7   limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

8   and harassing; it seeks to violate third party privacy rights to an extent incommensurate

9   with Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential

10  commercial, financial, and/or proprietary business information to an extent

11  incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that

12  is not relevant to the subject matter involved in the pending action and not reasonably

13  calculated to lead to the discovery of admissible evidence.

14         WFB further objects to this request on the ground that potentially responsive

15  information is not reasonably accessible to WFB because it is not maintained in a manner

16  that is readily searchable with the specificity requested.  Therefore, a search for the same

17  within the time frame requested would result in undue burden and expense that is

18  completely disproportional to the benefit of such a search yielding any information

19  relevant to the claims or defenses in this case.

20         Subject to and without waiving the foregoing objection, WFB responds as follows:

21  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

22  search for employees who were deemed to have violated Wells Fargo's Information

23  Security Policy from May 6, 2012 until May 6, 2015.  Based on the findings from that

24  reasonable search, WFB conducted a further reasonable search to determine whether the

25  employee was terminated for the violation at issue.  Based on the findings from these

26  reasonable searches, WFB provided data indicating the employee's age, gender, and

27  whether the employee was terminated as a result of the violation.  See Dkt. 26 p. 12:7-9.

28

-24-

**Exhibit B - 25**

**SPECIAL INTERROGATORY NO. 24:**

Identify each employee by name, date of birth, and gender regarding whom a Comprised Data Incident was created.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

WFB objects to this Interrogatory on the following grounds:  It is not reasonably limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive, and harassing; it seeks to violate third party privacy rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information to an extent incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that is not relevant to the subject matter involved in the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

WFB further objects to this request on the ground that potentially responsive information is not reasonably accessible to WFB because it is not maintained in a manner that is readily searchable with the specificity requested.  Therefore, a search for the same within the time frame requested would result in undue burden and expense that is completely disproportional to the benefit of such a search yielding any information relevant to the claims or defenses in this case.

**_SUPPLEMENTAL_ RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

WFB objects to this Interrogatory on the following grounds:  It is not reasonably limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive, and harassing; it seeks to violate third party privacy rights to an extent incommensurate with Plaintiff's legitimate discovery needs; it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information to an extent incommensurate with Plaintiff's legitimate discovery needs; and, it seeks information that is not relevant to the subject matter involved in the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

-25-

**Exhibit B - 26**

1    WFB further objects to this request on the ground that potentially responsive

2   information is not reasonably accessible to WFB because it is not maintained in a manner

3   that is readily searchable with the specificity requested.  Therefore, a search for the same

4   within the time frame requested would result in undue burden and expense that is

5   completely disproportional to the benefit of such a search yielding any information

6   relevant to the claims or defenses in this case.

7    Subject to and without waiving the foregoing objection, WFB responds as follows:

8   Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

9   search in its HRHD database to locate employees who were deemed to have violated Wells

10   Fargo's Information Security Policy from May 6, 2012 until May 6, 2015.  Based on the

11   findings from that reasonable search, WFB cross-referenced the HRHD data against its

12   Policyworks database containing compromised data incidents and conducted a reasonable

13   search for incident reports corresponding to the HRHD data.  WFB then produced the

14   Policyworks data located as a result of this reasonable search subject to redactions of

15   private and privileged information.  <u>See</u> Dkt. 46 at p. 6:21-23.

16   **SPECIAL INTERROGATORY NO. 25:**

17    For each employee identified above, state the discipline given for violating YOUR

18   Information Security Policy.

19   **RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

20    WFB objects to this Interrogatory on the following grounds:  It is not reasonably

21   limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

22   and harassing; it assumes facts; it seeks to violate third party privacy rights to an extent

23   incommensurate with Plaintiff's legitimate discovery needs; it seeks private, privileged,

24   and confidential commercial, financial, and/or proprietary business information to an

25   extent incommensurate with Plaintiff's legitimate discovery needs; and, it seeks

26   information that is not relevant to the subject matter involved in the pending action and not

27   reasonably calculated to lead to the discovery of admissible evidence.

28

-26-

**Exhibit B - 27**

1    WFB further objects to this request on the ground that potentially responsive

2  information is not reasonably accessible to WFB because it is not maintained in a manner

3  that is readily searchable with the specificity requested.  Therefore, a search for the same

4  within the time frame requested would result in undue burden and expense that is

5  completely disproportional to the benefit of such a search yielding any information

6  relevant to the claims or defenses in this case.

7  *SUPPLEMENTAL* **RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

8    WFB objects to this Interrogatory on the following grounds:  It is not reasonably

9  limited in time or scope and, therefore, it is overbroad, unduly burdensome, oppressive,

10  and harassing; it assumes facts; it seeks to violate third party privacy rights to an extent

11  incommensurate with Plaintiff's legitimate discovery needs; it seeks private, privileged,

12  and confidential commercial, financial, and/or proprietary business information to an

13  extent incommensurate with Plaintiff's legitimate discovery needs; and, it seeks

14  information that is not relevant to the subject matter involved in the pending action and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16    WFB further objects to this request on the ground that potentially responsive

17  information is not reasonably accessible to WFB because it is not maintained in a manner

18  that is readily searchable with the specificity requested.  Therefore, a search for the same

19  within the time frame requested would result in undue burden and expense that is

20  completely disproportional to the benefit of such a search yielding any information

21  relevant to the claims or defenses in this case.

22    Subject to and without waiving the foregoing objection, WFB responds as follows:

23  Pursuant to the Court's order on the scope of discovery, WFB conducted a reasonable

24  search in its HRHD database to locate employees who were deemed to have violated Wells

25  Fargo's Information Security Policy from May 6, 2012 until May 6, 2015.  Based on the

26  findings from that reasonable search, WFB conducted a further reasonable search to

27  determine whether the employee was terminated for the violation at issue.  Based on the

28  findings from these reasonable searches, WFB provided data indicating the employee's

-27-

**Exhibit B - 28**

1 | age, gender, and whether the employee was terminated as a result of the violation.  <u>See</u>

2 | Dkt. 26 p. 12:7-9.

3 |

4 | Dated:  August 1, 2017

5 |                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6 |

7 |               By                 */s/ Marlene Nicolas*

8 |                            THOMAS R. KAUFMAN

                           MARLENE M. NICOLAS

9 |                            HILARY A. HABIB

10 |                          Attorneys for Defendant

11 |                       WELLS FARGO BANK, N.A.

-28-

DEFENDANT'S *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

**Exhibit B - 29**

1

VERIFICATION

2   I have read the foregoing **DEFENDANT'S OBJECTIONS AND
*SUPPLEMENTAL* RESPONSES TO PLAINTIFF'S SPECIAL
3   INTERROGATORIES, SET ONE**  and know its contents.  I am an Employee Relations
Senior Manager for Wells Fargo Bank, N.A., a party to this action, and am authorized to
4   make this verification for and on its behalf, and I make this verification for that reason.  I
am informed and believe and on that ground allege that the matters stated in the foregoing
5   document are true.

6           Executed on July **31** 2017, at **WesT Des Moines, IA**

7

8           I declare under penalty of perjury under the laws of the United States of America
and the state of California that the foregoing is true and correct.

9

10   Margaret Mullen                              *Margaret E. Mull*
11   Name                                         Signature

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-

SMRH:483566257.1                    DEFENDANT'S *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S SPECIAL
                                    INTERROGATORIES, SET ONE

**Exhibit B - 30**

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is

4   333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

5        On August 1, 2017, I served true copies of the following document(s) described as **DEFENDANT'S OBJECTIONS AND *SUPPLEMENTAL* RESPONSES TO**

6   **PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE,** on the interested parties in this action as follows:

7

8   Daniel Cravens, Esq.                     Yosef Peretz, Esq.
    Cravens & Associates                     Peretz & Associates
9   516 W. Shaw Avenue, Suite 200            22 Battery Street, Suite 200
    Fresno. CA  93704                        San Francisco. CA  94111

10

11       **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar

12  with the firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the

13  ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing

14  occurred.

15       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of

16  the bar of this Court at whose direction the service was made.

17       Executed on August 1, 2017, at Los Angeles, California.

18

19                                         _Christine M. Rios_
                                           _____
20                                         Christine M. Rios

21

22

23

24

25

26

27

28

SMRH:478694564.1                           -1-

**Exhibit B - 31**

# EXHIBT C

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   THOMAS R. KAUFMAN, Cal. Bar No. 177936
3  tkaufman@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067-6055
   Telephone:   310.228.3700
5  Facsimile:   310.228.3701

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
7      Including Professional Corporations
   MARLENE M. NICOLAS, Cal. Bar No. 245298
8  mnicolas@sheppardmullin.com
   HILARY A. HABIB, Cal. Bar No. 293431
9  hhabib@sheppardmullin.com
   333 S. Hope Street, 43rd Floor
10 Los Angeles, California 90071
   Telephone:   213.620-1780
11 Facsimile:   213.620.1398
   Attorneys for Defendant
12 WELLS FARGO BANK, N.A., *erroneously
   sued as Wells Fargo Bank*

13

14                    UNITED STATES DISTRICT COURT

15                        EASTERN DISTRICT

16 KIMBERLY SUE BIRD,                    Case No. 1:16-CV-01130-DAD-EPG

17            Plaintiff,                 **DEFENDANT'S INITIAL
                                         DISCLOSURES**
18       v.
                                         Complaint Filed:  March 4, 2016
19 WELLS FARGO BANK., a California
   Corporation, and Does I-XX, inclusive

20            Defendants.

21

22

23

24

25

26

27

28

-1-

Exhibit C - 1

1  and Plaintiff's termination.  Mr. Fassbender may be contacted through counsel at the
2  address and telephone number listed above.

3      5.      Brian Kirkwood — Defendant believes Mr. Kirkwood has knowledge
4  regarding Plaintiff's breach of Defendant's Information Security Policy and Guidelines
5  and Plaintiff's termination.  Mr. Kirkwood may be contacted through counsel at the
6  address and telephone number listed above.

7      If Defendant becomes aware of any other individuals who may have discoverable
8  information upon which Defendant may use to support its claims or defenses, it will
9  supplement its disclosures accordingly.

10  **FRCP 26(a)(1)(A)(ii) – Documents:**

11      Without waiving any objections regarding the production of any documents,
12  including but not limited to objections based on privilege, trade secrets, relevance, undue
13  burden, and privacy, Defendant identifies the following documents, electronically stored
14  information, and other tangible things that Defendant currently intends to use in support of
15  its claims or defenses:

16      1.      Plaintiff's personnel file;
17      2.      Human Resource Advisor case notes regarding Plaintiff;
18      3.      Termination dispute investigation file regarding Plaintiff's termination;
19      4.      Plaintiff's pay records;
20      5.      Plaintiff's training transcript;
21      6.      Defendant's Information Security Policy and Guidelines; and
22      7.      Defendant's Bank's Team Member Handbook and Code of Ethics.

23  **FRCP 26(a)(1)(A)(iii) – Damages:**

24      Defendant denies that Plaintiff has been damaged in any way by Defendant or is
25  otherwise entitled to any damages.

26  **FRCP 26(a)(1)(A)(iv) – Insurance:**

27      Defendant has no insurance policy that in all reasonable likelihood would be called
28  upon to respond in whole or in part to the claims in this lawsuit.

-3-

Exhibit C - 2

1 | Dated:  October 13, 2016

2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4 | By

THOMAS R. KAUFMAN
5 | MARLENE M. NICOLAS
6 | HILARY A. HABIB

7 | Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued
8 | as Wells Fargo Bank)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**Exhibit C - 3**

1        <u>PROOF OF SERVICE</u>

2        <u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3        At the time of service, I was over 18 years of age and **not a party to this action**. I
am employed in the County of Los Angeles, State of California. My business address is
4  333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

5        On October 13, 2016, I served true copies of the following document(s) described
as **DEFENDANT'S INITIAL DISCLOSURES** on the interested parties in this action as
6  follows:

7        Daniel Cravens, Esq.
         Cravens & Associates
8        516 W. Shaw Avenue, Suite 200
         Fresno. CA 93704
9

10       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed
to the persons at the addresses listed in the Service List and placed the envelope for
11  collection and mailing, following our ordinary business practices. I am readily familiar
with the firm's practice for collecting and processing correspondence for mailing. On the
12  same day that the correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope
13  with postage fully prepaid. I am a resident or employed in the county where the mailing
occurred.
14

15       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16       Executed on October 13, 2016, at Los Angeles, California.

17

18

19                                    Gina LoMonaco

20

21

22

23

24

25

26

27

28

SMRH:478750525.1                        -1-

Exhibit C - 4

# EXHIBT D

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MARLENE M. NICOLAS, Cal. Bar No. 245298
mnicolas@sheppardmullin.com
HILARY A. HABIB, Cal. Bar No. 293431
hhabib@sheppardmullin.com
333 S. Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone:  213.620.1780
Facsimile:   213.620.1398
Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| KIMBERLY SUE BIRD,<br><br>       Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK., a California Corporation, and Does I-XX, inclusive<br><br>     Defendants. | Case No. 1:16-CV-01130-DAD-EPG<br><br>**DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES**<br><br>Complaint Filed:  March 4, 2016<br>FAC Filed:  July 7, 2017 |

Exhibit D - 1

1    Defendant Wells Fargo Bank, N.A. ("Defendant"), by and through its
2 undersigned attorneys, submits the following supplemental disclosure statement
3 pursuant to Federal Rule of Civil Procedure 26(a).
4    Defendant makes these supplemental initial disclosures based on information
5 currently available.  Defendant continues to investigate this case and expressly
6 reserves the right to modify, amend or supplement these disclosures at a later time
7 as appropriate.  Additionally, Defendant makes these disclosures without waiving
8 the right to object on any and all grounds, at any time, to any other discovery request
9 or proceeding involving or relating to the subject matter of the disclosures.
10 **FRCP 26(a)(1)(A)(i) – Witnesses:**
11    The following are the witnesses that Defendant currently believes have
12 discoverable information it may use to support its claims or defenses in this matter,
13 unless solely for impeachment purposes:
14    1.    Plaintiff Kimberly Sue Bird — Defendant believes Plaintiff has
15 knowledge regarding her employment, her job duties, her performance, the
16 Incentive Compensation Plans in effect during her employment and termination,
17 Defendant's Information Security Policy and Guidelines, her failure to comply with
18 the same, Defendant's anti-discrimination, retaliation, and harassment policies and
19 training re same, the theft of customer information and Defendant's laptop from
20 Plaintiff's vehicle on April 1, 2014, and conversations and actions taken in response
21 to the theft of customer information and Defendant's laptop from Plaintiff's vehicle
22 on April 1, 2014.
23    2.    Dave Kaneda — Defendant believes Mr. Kaneda has knowledge
24 regarding Plaintiff's employment with Defendant, Plaintiff's compensation,
25 Plaintiff's job duties, Plaintiff's performance, the Incentive Compensation Plans in
26 effect during Plaintiff's employment and termination, Defendant's Information
27 Security Policy and Guidelines, Defendant's anti-discrimination, retaliation, and
28 harassment policies and training re same, the identity and role of those involved in

-2-

**Exhibit D - 2**

1 | the decision to terminate Plaintiff's employment, the rationale for the termination of
2 | Plaintiff's employment, the process implemented in terminating Plaintiff's
3 | employment, Plaintiff's termination meeting, post-termination statements made
4 | about Plaintiff's termination, Defendant's procedures for reporting and responding
5 | to the theft of customer information and Defendant's mobile devices, and
6 | conversations and actions taken in response to the theft of customer information and
7 | Defendant's laptop from Plaintiff's vehicle on April 1, 2014.  Mr. Kaneda may be
8 | contacted through counsel at the address and telephone number listed above.
9 |         3.      Mary Norris — Defendant believes Ms. Norris has knowledge
10 | regarding Plaintiff's employment with Defendant, Plaintiff's compensation,
11 | Plaintiff's job duties, Plaintiff's performance, the Incentive Compensation Plans in
12 | effect during Plaintiff's employment and termination, Defendant's Information
13 | Security Policy and Guidelines, Defendant's anti-discrimination, retaliation, and
14 | harassment policies and training re same, the identity and role of those involved in
15 | the decision to terminate Plaintiff's employment, the rationale for the termination of
16 | Plaintiff's employment, the process implemented in terminating Plaintiff's
17 | employment, Plaintiff's termination meeting, post-termination statements made
18 | about Plaintiff's termination, Defendant's procedures for reporting and responding
19 | to the theft of customer information and Defendant's mobile devices, and
20 | conversations and actions taken in response to the theft of customer information and
21 | Defendant's laptop from Plaintiff's vehicle on April 1, 2014.  Defendant also
22 | believes Ms. Norris has knowledge regarding the Yuvrajitt Gill, Brighton Academy,
23 | and Harwinder Kaur loans for which Plaintiff seeks post-termination commissions.
24 | Ms. Norris may be contacted through counsel at the address and telephone number
25 | listed above.
26 |         4.      John Fassbender – Defendant believes Mr. Fassbender has knowledge
27 | regarding Plaintiff's performance, the Incentive Compensation Plans in effect during
28 | Plaintiff's employment and termination, Defendant's Information Security Policy

SMRH:483592301.1                DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

**Exhibit D - 3**

and Guidelines, Defendant's human resources procedures in relation to violations of the same, Defendant's anti-discrimination, retaliation, and harassment policies and training re same, the identity and role of those involved in the decision to terminate Plaintiff's employment, the rationale for the termination of Plaintiff's employment, the process implemented in terminating Plaintiff's employment, post-termination statements made about Plaintiff's termination, Defendant's procedures for reporting and responding to the theft of customer information and Defendant's mobile devices, conversations and actions taken in response to the theft of customer information and Defendant's laptop from Plaintiff's vehicle on April 1, 2014, post-termination communications with Plaintiff regarding her termination, pay, benefits, and expense reimbursements.  Mr. Fassbender may be contacted through counsel at the address and telephone number listed above.

5.      Brian Kirkwood – Defendant believes Mr. Kirkwood has knowledge regarding Defendant's investigation of the allegations set forth in Plaintiff's October 6, 2014 letter regarding her employment with Defendant and termination of her employment, the 2014 Incentive Compensation Plan in effect at the time of Plaintiff's termination, Defendant's Information Security Policy and Guidelines, and, Defendant's human resources procedures in relation to violations of the same. Mr. Kirkwood may also have second-hand knowledge of the identity and role of those involved in the decision to terminate Plaintiff's employment, the rationale for the termination of Plaintiff's employment, and, the process implemented in terminating Plaintiff's employment .  Mr. Kirkwood may be contacted through counsel at the address and telephone number listed above.

6.      Dave Rader — Defendant believes Mr. Rader has knowledge regarding Plaintiff's employment with Defendant, Plaintiff's job duties, Plaintiff's performance, the Incentive Compensation Plans in effect during Plaintiff's employment and termination, Defendant's Information Security Policy and Guidelines, Defendant's anti-discrimination, retaliation, and harassment policies and

1   training re same, the identity and role of those involved in the decision to terminate

2   Plaintiff's employment, the rationale for the termination of Plaintiff's employment,

3   the process implemented in terminating Plaintiff's employment, Defendant's

4   procedures for reporting and responding to the theft of customer information and

5   Defendant's mobile devices, and conversations and actions taken in response to the

6   theft of customer information and Defendant's laptop from Plaintiff's vehicle on

7   April 1, 2014.  Mr. Rader may be contacted through counsel at the address and

8   telephone number listed above.

9          7.     Kenneth Ramos – Defendant believes Mr. Ramos has knowledge

10  regarding Plaintiff's employment with Defendant, Defendant's Information Security

11  Policy and Guidelines, Plaintiff's negligence in protecting customer information and

12  Defendant's assets entrusted to her and in violation of Defendant's Information

13  Security Policy and Guidelines, and Plaintiff's termination meeting.  Mr. Ramos

14  may be contacted through counsel at the address and telephone number listed above.

15         8.     Lacie Chestnut – Defendant believes Ms. Chestnut has knowledge

16  regarding Defendant's Information Security Policy and Guidelines, Defendant's

17  human resources procedures in relation to violations of the same, Defendant's anti-

18  discrimination, retaliation, and harassment policies and training re same, the

19  rationale for the termination of Plaintiff's employment, the process implemented in

20  terminating Plaintiff's employment, and conversations and actions taken in response

21  to the theft of customer information and Defendant's laptop from Plaintiff's vehicle

22  on April 1, 2014.  Ms. Chestnut may be contacted through counsel at the address

23  and telephone number listed above.

24         9.     Scott McAngus – Defendant believes Mr. McAngus has knowledge

25  regarding Defendant's Information Security Policy and Guidelines, the procedures

26  for reporting the theft of customer information and Defendant's mobile devices, and

27  conversations and actions taken in response to the theft of customer information and

28

-5-

**Exhibit D - 5**

1  Defendant's laptop from Plaintiff's vehicle on April 1, 2014.  Mr. McAngus may be

2  contacted through counsel at the address and telephone number listed above.

3      10.    Sherrie Monroe – Defendant believes Ms. Monroe has knowledge

4  regarding Defendant's Information Security Policy and Guidelines, Defendant's

5  procedures for reporting and responding to the theft of customer information and

6  Defendant's mobile devices, and conversations and actions taken in response to the

7  theft of customer information and Defendant's laptop from Plaintiff's vehicle on

8  April 1, 2014.  Ms. Monroe may be contacted through counsel at the address and

9  telephone number listed above.

10      11.    Mark Cyrus – Defendant believes Mr. Cyrus has knowledge regarding

11  Plaintiff's employment, the 2014 Incentive Compensation Plan in effect at the time

12  of Plaintiff's termination, and the Terri and Wade Brill loan for which Plaintiff

13  seeks post-termination commissions.  Mr. Cyrus may be contacted through counsel

14  at the address and telephone number listed above.

15      12.    Jill Takeuchi – Defendant believes Ms. Takeuchi has knowledge

16  regarding Plaintiff's employment, the 2014 Incentive Compensation Plan in effect at

17  the time of Plaintiff's termination, and the Yuvrajitt Gill, Brighton Academy, and

18  Harwinder Kaur loans for which Plaintiff seeks post-termination commissions.  Ms.

19  Takeuchi may be contacted through counsel at the address and telephone number

20  listed above.

21      13.    Bob Burich – Defendant believes Mr. Burich has knowledge regarding

22  the Incentive Compensation Plans in effect at the time of Plaintiff's employment and

23  the clawback(s) of Plaintiff's commission payments.  Mr. Burich may be contacted

24  through counsel at the address and telephone number listed above.

25      14.    Cathyleen Tautkus – Defendant's efforts to ensure that employees have

26  a workplace free from discrimination.  Ms. Tautkus may be contacted through

27  counsel at the address and telephone number listed above.

28

SMRH:483592301.1            DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

**Exhibit D - 6**

15.     Beth Savage – Defendant's policy and practice for purging and preserving email mailboxes of unregulated Business Development Officers in the SBA line of business during the relevant time period.  Ms. Savage may be contacted through counsel at the address and telephone number listed above.

16.     Scott Den Hartog – Defendant believes Mr. Hartog has knowledge regarding Plaintiff's breach of Defendant's Information Security Policy and Guidelines.  Mr. Hartog may be contacted through counsel at the address and telephone number listed above.

If Defendant becomes aware of any other individuals who may have discoverable information upon which Defendant may use to support its claims or defenses, it will supplement its disclosures accordingly.

**FRCP 26(a)(1)(A)(ii) – Documents:**

Without waiving any objections regarding the production of any documents, including but not limited to objections based on privilege, trade secrets, relevance, undue burden, and privacy, Defendant identifies the following documents, electronically stored information, and other tangible things that Defendant currently intends to use in support of its claims or defenses:

1.     Plaintiff's personnel file;

2.     May 20, 2014 correspondence from Kenneth Ramos to Mary Norris regarding his prior conversations with Plaintiff about her failure to be diligent in protecting Defendant's assets and customer information at the Fresno office;

3.     Correspondence to/from Plaintiff, Dave Kaneda, and Mary Norris regarding Plaintiff's failure to follow protocol  regarding the proper and timely submission of files, failure to timely respond to request for information from business partners, failure to timely respond to customers, failure to properly manage customer expectations on the process from the following individuals: Mary Norris, Gregg Mitchell,

-7-

**Exhibit D - 7**

Beverly Milanowski, James Hall, Kenneth Ramos, Christian Aldritt, Jan Heilman, Joana Sokua;

4. Correspondence to/from Plaintiff, Mary Norris, David Kaneda and David Rader regarding Plaintiff's repeated failure to properly and timely submit expenses;

5. Correspondence to/from Plaintiff, Mary Norris, Bob Burich, and/or Dave Kaneda regarding Plaintiff's compensation, commissions, and clawback(s);

6. Human Resource Advisor case notes regarding Plaintiff;

7. Termination dispute investigation file regarding Plaintiff's termination;

8. Plaintiff's pay records;

9. Plaintiff's training transcript;

10. Training documents regarding the Information Security Policy;

11. Defendant's Information Security Policy and Guidelines;

12. Defendant's Bank's Team Member Handbook and Code of Ethics;

13. Email correspondence to/from Plaintiff, John Fassbender, Mary Norris, Dave Kaneda, Dave Rader, Art Rowland, Lacie Chestnut, and Scott McAngus between April 2, 2014 and May 5, 2014 regarding the theft of customer information and Defendant's laptop from Plaintiff's vehicle on April 1, 2014;

14. Fresno Police Report Case No. 14-023634;

15. Correspondence with and forms provided to WFB's Compromised Data team;

16. Correspondence between John Fassbender and Plaintiff, Dave Kaneda, Mary Norris, and Dave Rader regarding Plaintiff's termination, final pay, compensation, expenses, and Norris' post-termination comments about Plaintiff's termination.

SMRH:483592301.1                    DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

**Exhibit D - 8**

17. The Policyworks incident report and Compromise Data Report created in relation to the theft of customer information and Defendant's laptop from Plaintiff's vehicle on April 1, 2014;

18. Correspondence to the customers whose data was compromised due to Plaintiff's actions on April 1, 2014;

19. Documents evidencing the date the loans for which Plaintiff seeks post-termination commissions were approved, closed, and boarded on Defendant's AFS system;

20. Defendant's Business Development Officer Incentive Compensation Plan for 2013 and 2014; and

21. Documents regarding work performed on the following loans for which Plaintiff seeks post-termination commissions:  Yuvrajitt Gill, Brighton Academy, Terri and Wade Brill, and Harwinder Kaur.

All documents listed herein have been produced.

**FRCP 26(a)(1)(A)(iii) – Damages:**

Defendant denies that Plaintiff has been damaged in any way by Defendant or is otherwise entitled to any damages.

**FRCP 26(a)(1)(A)(iv) – Insurance:**

Defendant has no insurance policy that in all reasonable likelihood would be called upon to respond in whole or in part to the claims in this lawsuit.

Dated:  August 1, 2017          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
                                   */s/ Marlene Nicolas*
                              THOMAS R. KAUFMAN
                              MARLENE M. NICOLAS
                              HILARY A. HABIB
                              Attorneys for Defendant
                              WELLS FARGO BANK, N.A.

-9-

**Exhibit D - 9**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 1, 2017, I served true copies of the following document(s) described as **DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES** on the interested parties in this action as follows:

| | |
|---|---|
| Daniel Cravens, Esq. | Yosef Peretz, Esq. |
| Cravens & Associates | Peretz & Associates |
| 516 W. Shaw Avenue, Suite 200 | 22 Battery Street, Suite 200 |
| Fresno. CA  93704 | San Francisco. CA  94111 |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 1, 2017, at Los Angeles, California.

_Christine M. Rios_
Christine M. Rios

SMRH:478694564.1

-1-

**Exhibit D - 10**