1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   THOMAS R. KAUFMAN, Cal. Bar No. 177936
3  tkaufman@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067-6055
   Telephone:   310.228.3700
5  Facsimile:   310.228.3701

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
7      Including Professional Corporations
   MARLENE M. NICOLAS, Cal. Bar No. 245298
8  mnicolas@sheppardmullin.com
   HILARY A. HABIB, Cal. Bar No. 293431
9  hhabib@sheppardmullin.com
   333 S. Hope Street, 43rd Floor
10 Los Angeles, California 90071
   Telephone:   213.620-1780
11 Facsimile:   213.620.1398
   Attorneys for Defendant
12 WELLS FARGO BANK, N.A.

13                 UNITED STATES DISTRICT COURT

14                      EASTERN DISTRICT

15 KIMBERLY SUE BIRD,                    Case No. 1:16-CV-01130-DAD-EPG

16              Plaintiff,               **DEFENDANT'S POSITION
                                         STATEMENT REGARDING
17        v.                             DISCOVERY**

18 WELLS FARGO BANK., N.A., and Does     Complaint Filed:  March 4, 2016
   I-XX, inclusive                       FAC Filed:  July 7, 2017
19
                Defendants.
20

21

22

23

24

25

26

27

28

1    Defendant Wells Fargo Bank, N.A., ("Defendant") hereby submits the following

2  Statement Regarding Discovery.[1]

3  **1.  DEPOSITIONS**

4    Plaintiff has taken the following 9 depositions: David Rader (decision-maker);

5  David Kaneda (decision-maker); Mary Norris (supervisor); John Fassbender (human

6  resources manager); Lacie Chestnut (human resources advisor); Ken Ramos; James Hall;

7  and the PMQ.  Defendant has taken the deposition of Plaintiff.

8    **PLAINTIFF'S POSITION**

9    As discussed below the Plaintiff intends to take the depositions of 4 – 5

10  comparators.  It may also take the deposition of Brian Kirkwood (post-termination

11  investigation) and a PMQ on the policyworks and ISP data.  However, it is Plaintiff's hope

12  that the parties can stipulate to a document production in lieu of the PMQ.

13  **DEFENDANT'S POSITION**

14    At the last hearing, the Court extended the non-expert discovery cut-off for

15  discovery related to the Policyworks data produced by Defendant.  The Court also stated it

16  would consider additional depositions but would require specifics rationale for each

17  deposition requested.  Defendant has been and will continue to work with Plaintiff to find

18  efficient ways for her to conduct discovery.  Defendant has agreed to produce Brian

19  Kirkwood for his deposition in August 2017.  However, Defendant has concerns regarding

20  the frequency and scope of further discovery and depositions following close of non-expert

21  discovery on August 1, 2017.  Defendant will request that Plaintiff provide the rationale

22  for further discovery and depositions in line with the Court's comments that it would

23  require the same going forward.

24

25

26  _____

27  [1] This statement includes Plaintiff's position until August 7, 2017 at 9:06 p.m., when

28  Plaintiff's counsel sent defense counsel a revised statement that materially changed its
position.

## 2. POLICYWORKS DISCOVERY

### PLAINTIFF'S POSITION

#### a. Qualitative Description of the Data Produced By Defendant

Defendant agreed to produce all data from its policyworks database for related to the 1697 employees who were previously identified by Defendant as having violated the Information Security Policy.

Defendant has produced this policyworks data in three datasets. Only July 25, 2017, Defendant produced a dataset consisting of 210 columns of data for 118 different employees. However, this data did not include any data for Plaintiff. On July 27, 2017, Defendant produced an additional dataset consisting of 209 columns of data for an additional 18 employees inadvertently omitted from its July 25, 2017 production. Defendant produced a third dataset consisting of 208 columns of data for 52 employees also omitted from the July 25, 2017 dataset.

In all, Defendant has produced policyworks data for 188 of the 1697 employees who it previously identified as having violated its Information Security Policy.

#### b. Outstanding Issues With the Defendant's Production

First, Defendant's production of the July 25 dataset included a column for employee name and employee id number. However, the data produced on July 27, 2017 is missing one or both of those columns. The employee id number is critical as it enables Plaintiff to cross-reference the data with the previous productions to determine whether the employee was terminated, their gender, and their age. The parties are meeting and conferring concerning this production.

Second, the parties are meeting and confer concerning the meaning of the codes in the policyworks production. Defendant has agreed to produce a key or explanation of the relevant codes.

Third, the production contains numerous columns that are completely empty. Defendant is working to determine whether any data was omitted from the dataset.

c. **Follow Up Discovery**

The Court has permitted Plaintiff to take follow up  discovery related to Defendant's policyworks production.

Plaintiff has identified the following individuals for which it seeks discovery. These individuals were identified by Defendant as having violated the information security policy.  Plaintiff seeks discovery of the human resources database entries and documents on which Defendant relied to determine whether these individuals were terminated or given discipline less than termination.

Plaintiff was terminated after her laptop and consumer files were stolen from the cabin of her vehicle while she was eating at a restaurant.  Defendant contends that Plaintiff violation the information security policy warranted termination because: (1) she left the computer in the cabin of her vehicle as opposed to the trunk; (2) she did not take her laptop with her into the restaurant; (3) the car was parked in a parking lot; (4) paper consumer files were stolen.  As described below, the policyworks data directly rebuts Defendant's arguments and provides strong evidence that she was treated differently from male comparators.

The 188 incidents described in the policyworks data disclose numerous male comparators who were not terminated or for whom Defendant's data is incomplete. Plaintiff seeks the additional data concerning the following comparators in order to determine whether they were terminated and/or disciplined, the relevant details of the breach of information security policy:

| Employee ID | Incident ID | Term Status | Gender | Plaintiff's Summary of Policyworks Data |
|---|---|---|---|---|
| Data Not Provided | 8641128 | Data Not Provided | Data Not Provided | Gender and termination status of employee not specified.  Paper files affecting 5 consumers were stolen from the floor of the rear seat while vehicle was parked at a restaurant. |
| 1264443 | 1349420 6 | No | M | Male employee not terminated after his laptop and consumer information were stolen from his SUV while he was eating dinner at a restaurant. |

-3-

| | | | | |
|---|---|---|---|---|
| Data Not Provided | 14281854 | #N/A | M | Laptop and files of 8 customers stolen from the passenger front seat of male employee while he was at the YMCA. Termination status was not specified. |
| Data Not Provided | 14281837 | Data Not Provided | Data Not Provided | Laptop and data for 265 consumers were stolen from an unlocked car parked in home driveway overnight. Gender and termination status of employee not specified. |
| Data Not Provided | 14600409 | Data Not Provided | Data Not Provided | Employee left laptop and client information for 3 prospective clients in his/her jeep. The jeep's windows could not be locked. The thief unzipped the windows to steal the laptop and documents which were behind the seat. The gender and termination status of employee was not specified. |
| 151813 | 15076204 | No | M | Male employee was not terminated after his laptop was stolen from under the backseat of his car. |
| Data Not Provided | 16127652 | Data Not Provided | M | Laptop and files of 5 customers stolen from vehicle of male employee while it was parked in front of his home. Employee's termination status was not provided. |
| Data Not Provided | 7974964 | Data Not Provided | M | Consumer files were stolen from vehicle of male employee. 536 customers were impacted. Termination status of employee was not provided. |
| 1361373 | 13496737 | No | M | Male employee was not terminated following the theft of consumer documents from his car. The consumer data was later recovered by the police who informed the consumer. The consumer reported the theft to WFB. |
| Data Not Provided | 15627783 | Data Not Provided | M | Laptop and customer files stolen from the backseat of an SUV of a male employee while it was parked on the street. |
| 1255758 | 10604544 | No | M | Male employee was not terminated after his laptop stolen from his vehicle while parked overnight. |

| | | | | |
|---|---|---|---|---|
| 1293646 | 10838556 | No | M | Male employee was not terminated after his laptop stolen from his truck while parked in his driveway overnight. |
| 528201 | 11108962 | No | M | Male employee was not terminated after his laptop stolen from his minivan while he was eating at a restaurant. |
| 1337450 | 13069544 | No | M | Male employee was not terminated after his laptop stolen from rear backseat of car while parked overnight. |
| 756973 | 12933487 | No | M | Male employee was not terminated after laptop and customer information were stolen from his car which was parked in his driveway. |
| 1443358 | 13490870 | No | M | Male employee was not terminated after two laptops were stolen from minivan which was parked in a parking lot. |
| 1180123 | 14123640 | No | M | Male employee was not terminated after laptop stolen from backseat of car while parked overnight. |
| Data Not Provided | 16298645 | Data Not Provided | M | Loan documents were stolen from the vehicle of a male employee.  His termination status was not specified. |
| Data Not Provided | 16336826 | Data Not Provided | M | iPad and customer files were stolen from vehicle of a male employee while he was parked at starbucks.  His termination status was not specified. |
| Data Not Provided | 17461589 | Data Not Provided | M | Laptop and loan documents stolen from vehicle of male employee.  His termination status was not specified. |
| Data Not Provided | 18004147 | Data Not Provided | F | Laptop and customer files stolen from trunk of  SUV of female employee while she was eating at a restaurant.  Her termination status was not specified. |
| Data Not Provided | 18249297 | Data Not Provided | M | Laptop and customer files stolen from vehicle of a male employee while he was visiting a with a friend.  His termination status was not specified. |
| Data Not Provided | 21119131 | Data Not Provided | M | Laptop and customer documents stolen from vehicle of male employee.  His termination status was not specified. |

SMRH:483701097.1                    DEFENDANT'S STATEMENT RE DISCOVERY

| Data Not Provided | 2158726 4 | Data Not Provided | M | Laptop and customer info stolen from male employee while he attended corporate training at Marrott hotel. His termination status was not specified. |
| Data Not Provided | 2196149 4 | Data Not Provided | M | Laptop and customer documents stolen from vehicle of male employee.  His termination status was not specified. |

Once Plaintiff has complete data for these comparators, she will choose 4 or 5 for short depositions.

**DEFENDANT'S POSITION**

**a.  Policyworks Data Produced**

Defendant disagrees with Plaintiff's description of the Policyworks data produced. Defendant produced the following data:

- On July 5, 2017, Defendant produced 52 Policyworks compromised data incidents reports coded the same as Plaintiff's report pursuant to the Court's order.  (Dkt. 46 at 7:1-2.)  This data included all reports coded the same as Plaintiff's regardless of the time frame at issue and the business entity affected (importantly, the Court ordered that Defendant produce demographic information regarding its employees who violated the Information Security Policy during this time frame <u>only</u>).

- Pursuant to the Court's order on the scope of discovery, Defendant conducted a reasonable search in its HRHD database to locate employees who were deemed to have violated Wells Fargo's Information Security Policy from May 6, 2012 until May 6, 2015.  Defendant provided Plaintiff with demographic data for the employees involved in these violations and also advised whether the employee was terminated as a result of the violation.  Based on the findings from that reasonable search, Defendant cross-referenced the HRHD data against its Policyworks database containing compromised data incidents and conducted a reasonable search for incident reports corresponding to the HRHD data.  Defendant then produced the Policyworks data located as a result of this reasonable search subject to redactions of private and privileged information.  This data was produced on July 25, 2017 and

-6-

1    July 27, 2017.  As Defendant has previously explained, a Policyworks compromised

2    data incident report is not created every time there is a violation of the Information

3    Security Policy; therefore, there is not a Policyworks report correlated with each

4    incident on the Information Security Policy violations list.

5    • On July 26, 2017, Plaintiff alerted Defendant that there were several columns

6    missing from the July 5, 2017 data it provided.  Defendant immediately looked into

7    this issue and found that some columns were inadvertently omitted when the July 5,

8    2017 data was extracted.  Defendant corrected the error and reproduced the 52

9    reports on July 27, 2017.  As Defendant has previously explained, a Policyworks

10    compromised data incident report does not necessarily mean that a violation of the

11    Information Security Policy has occurred; therefore, some of the 52 Policyworks

12    reports are not connected to a violation of the Information Security Policy.

13    **b.  <u>Response To Plaintiff's Issues With Defendant's Production</u>**

14    Plaintiff requests the employee ID number of individuals whose incidents are

15 included above in this statement.  As an initial matter, employee ID numbers are not

16 regularly maintained in the Policyworks database.  The Court ordered Defendant to

17 produce the Policyworks data as it exists and permitted privacy redactions.  Defendant

18 complied with the order.  That is, other than privacy redactions, Defendant produced the

19 Policyworks data as it is maintained.  Therefore, this is the reason why some of the

20 Policyworks incidents produced lack an employee ID number.

21    To the extent an employee's ID number is not in the Policyworks database,

22 Defendant must conduct additional research to locate the employee ID and in some cases

23 may not be able to do so.  Defendant was not ordered by the Court to conduct this research

24 or produce additional information.  However, Defendant has met and conferred with

25 Plaintiff and will conduct a reasonable search for employee ID numbers and provide the

26 same to the extent it is able to locate the same for incidents that occurred between May 6,

27 2012 to May 6, 2015 and which also relate to Wells Fargo Bank, N.A.  Defendant will also

28

1  assist Plaintiff in identifying which of the 52 incidents do not relate to Wells Fargo Bank,

2  N.A.

3      Plaintiff asked Defendant for further information regarding the purpose of the

4  columns of Policyworks data produced.  Defendant has learned that it does not have a key

5  or legend explaining the data.  Defendant will work with Plaintiff to determine the most

6  efficient way to educate Plaintiff about this information, including producing a PMK if

7  necessary.

8      Plaintiff also takes issue with the fact that the Policyworks production contains

9  numerous columns that are empty.  As stated above, except for privacy redactions, which

10  were marked as "REDACTED," Defendant produced the Policyworks data as it is

11  maintained in the regular course business.  Defendant has advised Plaintiff that if a column

12  is empty in the data produced, it is empty because there is nothing recorded in that specific

13  field in the Policyworks database.

14      Plaintiff has also raised issues with the fact that some fields on Plaintiff's "print

15  out" of the Policyworks report is not included in the Excel data produced.  For instance,

16  Plaintiff points to the fact that the "Incident Risk Classification" on the print out of

17  Plaintiff's report is not included in the Excel data produced.  However, the data maintained

18  in the Policyworks database has changed over time and continues to do so based on

19  business needs.  Defendant printed Plaintiff's Policyworks report in 2016 and produced a

20  copy of that printout in discovery in this case.  Since then, the "Incident Risk

21  Classification" has been removed as a category in Policyworks.  Accordingly, this category

22  does not appear in the Policyworks data produced.

23      c.  **Response To Plaintiff's Issues With Defendant's Production**

24      Plaintiff's counsel has requested further discovery regarding the 24 individuals in this

25  statement.  Pursuant to the Court's orders regarding the scope of discovery and in line with

26  the discovery obligations set forth in the FRCP, Defendant has agreed to provide

27  demographic information of the individuals listed above if: (1) the individual was

28  employed by Wells Fargo Bank, N.A. and (2) the incident occurred within the May 6,

1 2012 to May 6, 2015 time frame the Court has deemed relevant to this litigation.  Further,

2 Defendant has also agreed to produce the age and gender of Wells Fargo Bank, N.A.

3 employees, if the incident at issue in the Policyworks report being created occurred during

4 the relevant time frame in this lawsuit – May 6, 2012 to May 6, 2015.

5      Finally, Plaintiff has requested the city and state of residence for all individuals

6 listed in this statement.  Defendant does not believe it should be required to conduct

7 research and provide this information for all 24 individuals.  Instead, it proposes that

8 Plaintiff first identify the individuals she seeks to depose, and then Defendant will provide

9 further information regarding when and where it can produce the employee for deposition.

10 **3.  SUPPLEMENTAL RESPONSES**

11     **PLAINTIFF'S POSITION**

12      Defendant served supplemental responses on August 1, 2017, the last day of

13 discovery in which it identified 5 not previously identified witnesses: Gregg Mitchell,

14 Beverly Milanowski, Christian Aldritt, Jan Heilman, and Joan Sokua.  (See attached as

15 Exhibit A, Defendant's Objections and Supplemental Responses to Plaintiff's Special

16 Interrogatories, Set One, Response to Interrogatory 11.).  As these witnesses were not

17 previously disclosed in its discovery responses or initial disclosures, Plaintiff has not had

18 an opportunity to take discovery on these witnesses.

19      Defendant also served amended initial disclosures in which it identified: Sherrie

20 Monroe, Mark Cyrus, Jill Takeuchi, Bob Burich, Cathyleen Tautkus, and Scott Den

21 Hartog.  Plaintiff similarly objects to these witnesses as Plaintiff has not had an

22 opportunity to take discovery on these witnesses.

23      Plaintiff requests either that discovery be permitted as to these newly disclosed

24 witnesses or else that they be excluded from trial.

25     **DEFENDANT'S POSITION**

26      Pursuant to Defendant's obligations under the FRCP, it served supplemental

27 responses to Plaintiff's Special Interrogatories, Set One.  In the responses, it identified five

28 individuals who complained about Plaintiff during her employment: Gregg Mitchell,

                                              **DEFENDANT'S STATEMENT RE DISCOVERY**

Beverly Milanowski, Christian Aldritt, Jan Heilman, and Joan Sokua.  Defendant's counsel first learned about these individual's complaints when reviewing the voluminous ESI that was produced in mid-June.  Others were identified in the recent depositions of Mary Norris and Dave Kaneda, which occurred on July 24, 2017 and July 25, 2017 respectively.  Accordingly, Defendant promptly and properly supplemented its responses upon learning of these individuals and the need to supplement its prior responses.

According to FRCP 26(e) "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  The individuals that were added to Defendant's initial disclosures were made known to Plaintiff through the discovery process, and thus, there was no need for Defendant to add them to its initial disclosures under the FRCP.  However, in an abundance of caution and in the interest of thoroughness, Defendant properly and timely provided supplemental initial disclosures.

As an initial matter, it is significant that Defendant was only recently permitted to take the Plaintiff's deposition on July 15, 2017.  The supplemental disclosures and discovery were produced a mere two weeks later following 4 additional depositions.  Further, Scott Den Hartog and Sherri Monroe were first disclosed to Plaintiff on February 10, 2017, in its responses to Plaintiffs Special Interrogatories, Set One.  They are also listed on several documents that Defendant produced in February 2017.  Jill Takeuchi was identified as Plaintiff's replacement in Defendant's March 27, 2017 written discovery responses to Plaintiff's Special Interrogatories, Set One.  Defendant also identified Mr. Hartog, Ms. Monroe, Ms. Takeuchi, and Mark Cyrus in April 2017 as relevant custodians for the ESI search, and produced responsive ESI collected from that search thereafter.  Plaintiff herself first brought up Bob Burich at her July 15, 2017 deposition.  Defendant also produced responsive ESI regarding Mr. Burich during discovery.  Finally, Plaintiff noticed a Person Most Qualified deposition on the following categories: Defendant's

efforts to ensure that employees have a workplace free from discrimination; and Defendant's efforts to ensure that discipline is given on a consistent basis to all employees.  The deposition was scheduled for July 28, 2017.  Cathyleen Tautkus was the deponent who was scheduled to appear and testify as a PMQ on these categories.  Plaintiff unilaterally cancelled Ms. Tautkus' deposition, and informed Defendant that she would not re-notice it.  Thus, Plaintiff was aware of each of these individuals for months prior to the close of discovery, and had the opportunity to conduct discovery.  Accordingly, Defendant was under no obligation to supplement the initial disclosures with these individuals and should not be penalized because it provided this information.

As is required by the FRCP, Defendant will continue to supplement its discovery responses and disclosures as it learns of additional relevant information prior to trial.

**4.  Settlement**

**PLAINTIFF'S POSITION**

The Court instructed the parties to set forth their positions on settlement negotiations.   Plaintiff has proposed mediation and requested that Defendant suggest names of mediations.  Defendant has not responded to date.

**DEFENDANT'S POSITION**

Defendant took Plaintiff's deposition on July 15, 2017.  It is still analyzing whether mediation would be beneficial at this juncture in the litigation.


Dated:  August 8, 2017            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By  _____
                    */s/ Hilary A. Habib*
                  THOMAS R. KAUFMAN
                  MARLENE M. NICOLAS
                   HILARY A. HABIB

                  Attorneys for Defendant
                 WELLS FARGO BANK, N.A.

-11-