UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY SUE BIRD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK,<br><br>　　　　　Defendant. | Case No. 1:16-cv-01130-DAD-EPG<br><br>ORDER ASSESSING REASONABLE ATTORNEY FEES FOLLOWING ORDER GRANTING REQUEST FOR RULE 37 DISCOVERY SANCTIONS<br><br>(ECF No. 54) |

**A. Background**

On April 28, 2017, Plaintiff Kimberly Sue Bird ("Plaintiff") filed a motion to compel and for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure contending in part that Defendant Wells Fargo Bank ("Defendant") failed to comply with the Court's March 31, 2017 discovery order. (ECF No. 30).

On July 20, 2017, the Court granted the motion for sanctions. (ECF No. 54). The Court ordered Wells Fargo to pay "fifty-percent of the reasonable costs and attorney fees associated with the filing of Plaintiff's motion to compel and motion for sanctions (ECF No. 30), inclusive of the costs and attorney fees associated with preparing Plaintiff's May 27, 2017 filings (ECF Nos. 35-36) and attendance at the June 1, 2017 hearing." (ECF No. 54, p. 9). The Court further ordered Plaintiff to submit a record of the costs and attorney fees for court review along with an affidavit attesting to the reasonableness of the costs and attorney fees. (*Id*.)

1

On August 10, 2017, the Court received a submission from Plaintiff's counsel and now issues this order assessing reasonable attorney fees following its review of Plaintiff's submission.

Plaintiff's counsel Daniel J. Cravens and Yosef Peretz submitted declarations attesting to the reasonableness of their requested hourly billing rate of $550 (each) and billing records related to the May 27, 2017 filings and attendance at the June 1, 2017 hearing. Attorneys Cravens and Peretz also submitted a copy of an order from the Superior Court of California, Alameda County, wherein Cravens and Peretz were awarded attorney fees at a rate of $500 (each) after an unopposed motion for final approval of a class action settlement was granted in the case of *Davera, et al., v. Employee Equity Administration, et al.*, RG-11-559690 (Sep. 11, 2015) (the *Davera* case).

**B. Legal Standard**

Generally, the U.S. Court of Appeals for the Ninth Circuit has adopted the "lodestar" approach for assessing the award of reasonable attorneys' fees, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008), and district courts have applied lodestar when sanctions are appropriate under Rule 37, *Glob. Ampersand, LLC v. Crown Eng'g & Const., Inc.*, 261 F.R.D. 495, 502 (E.D. Cal. 2009). The reasonableness of the requested attorney fees is to be determined on the facts of each case. *Camacho*, 523 F.3d at 978 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id*. (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

"The party seeking an award of fees must submit evidence supporting the hours worked

2

and the rates claimed." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933). Hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary" are excluded from the lodestar amount. *Id*. (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). After the lodestar amount is determined, the court may then "adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar."[1] *Id*. (citing *Blum v. Stenson*, 465 U.S. 886, 898–901, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. 1933).

**C. Analysis**

*1. Requested Hourly Rates*

With regard to determining the appropriate the hourly rate for the lodestar amount, district courts apply the rates of attorneys practicing within the forum district, here, the Eastern District of California, Fresno. *See Blum*, 465 U.S. at 895 ("[R]easonable fees . . . are to be calculated according to the prevailing market rates in the relevant community . . ."); *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) ("[T]he general rule is that the rates of attorneys practicing in the forum district . . . are used."). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

Here, attorneys Cravens and Peretz have requested rates of $550 each. They declare that $550 per hour is their "usual and customary" rate and that "$550 an hour is a fair market rate" for attorneys with their competence and experience and a case of this complexity. They

---

[1] "Under *Hensley*, 11 factors are relevant to the determination of the amount of attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n.2 (citing *Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933).

3

point to the *Davera* case, where they were awarded rates $500 in the Superior Court of California, Alameda County, after an unopposed motion for final approval of a class action settlement was granted.

Attorneys Cravens and Peretz have provided no evidence of that the requested $550 rate is commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. The attorneys' declarations provide no support for the prevailing market rate. Similarly, the $500 billing rate awarded in the unopposed motion for final approval of a class action settlement *Davera* case in Alameda County, California has no bearing on the prevailing rate in the Eastern District of California, Fresno. Not only were the rates awarded in another market, but the $500 awarded in that case was a result of an unopposed motion for class action settlement. Thus, the *Davera* case is not sufficiently similar to the circumstances of this case, which is a single-plaintiff employment discrimination case. Accordingly, attorneys Cravens and Peretz have failed to meet their burden of producing sufficient evidence to justify a reasonable billing rate of $550 in the Eastern District of California, Fresno.

"[H]ourly rates generally accepted in the Fresno Division for competent experienced attorneys [are] between $250 and $380, with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *Munoz v. Giumarra Vineyards Corp.*, No. 109CV00703AWIJLT, 2017 WL 2665075, at *18 (E.D. Cal. June 21, 2017) (quoting *Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014); *see also Trujillo v. Singh*, 2017 WL 1831941 (E.D. Cal. May 8, 2017) (awarding an hourly rate of $300 per hour to counsel with 15 years of experience, finding this amount was appropriate for the Fresno area); *Miller v. Schmitz*, 2014 WL 642729 at *3 (E.D. Cal. Feb. 18, 2014) (the "prevailing hourly rate in this district is in the $400/hour range for experienced attorneys," and awarding $350 per hour for an attorney with 20 years of experience)). "For attorneys with 'less than ten years of experience ... the accepted range is

4

between $175 and $300 per hour.'" *Id.* (quoting *Silvester*, 2014 WL 7239371 at *4 (citing *Willis v. City of Fresno*, 2014 WL 3563310 (E.D. Cal. July 17, 2014); *Gordillo v. Ford Motor Co.*, 2014 WL 2801243 (E.D. Cal. June 19, 2014)).

Here, the Court observes that attorneys Cravens and Peretz are generally regarded as competent and reputable, and the attorneys have approximately 17-18 years of litigation experience. The Court finds that $325 per hour is the prevailing market rate in the Eastern District of California, Fresno, for this type of case and attorneys with Cravens and Peretz's qualifications and litigation experience.

### 2. *Requested Hourly Reimbursement*

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). Attorneys Cravens and Peretz have provided a declaration and time records reflecting the hours worked in support of the request for attorney fees. The attorneys have declared under oath that the records are true and correct.

Attorney Cravens declares that he spent 50.2 hours of attorney time related to the May 27, 2017 filings and attendance at the June 1, 2017 hearing. He includes time spent: 1) reviewing local rules, 2) reviewing meet and confer correspondence, 3) preparing and filing the notice of motion and motion to compel and for sanctions, 4) reviewing discovery responses and court orders, 5) drafting the joint statement, 6) meet and confer communications with opposing counsel, 7) preparation of exhibits to joint statement, 8) review Defendant's portion of joint statement, 8) preparing reply arguments, 9) preparation and attendance of hearing on motion to compel and for sanctions, 10) review Defendant's post-hearing submission,[2] 11) preparation of objections, 12) review of court orders, 13) preparation of reply brief, and 14)

---

[2] Although some of the entries include attorney time post-June 1, the Court considers this post-June 1 attorney time to be sufficiently related the Plaintiff's May 27, 2017 filings and attendance at the June 1, 2017 hearing.

5

communications with co-counsel.

Attorney Peretz declares that he spent 13.1 hours attorney time related to the May 27, 2017 filings and attendance at the June 1, 2017 hearing. He includes time spent: 1) reviewing communications from opposing counsel, 2) reviewing and revising the motion to compel and exhibits, 3) reviewing and revising the joint statement, 4) communications with opposing counsel, 5) reviewing Defendant's portion of joint statement, 6) reviewing and revising reply, reviewing court orders and transcripts, and 7) communications with opposing counsel.

The Court has reviewed the hours reported by each attorney to determine whether they are reasonable. Review of the billing entries raised concerns about the reasonableness of the time spent on the associated tasks.

First, there is notable overlap between the hours expended by each attorney. It is observed that the attorneys may have different expertise and are playing different roles in this litigation, so some degree of overlap may be expected. However, the attorneys provided no explanation for the degree of overlap.

The Court was also concerned about the attorneys' block-billing entries (i.e. entries that contain multiple tasks in one "block" entry). "[B]lock billing makes it more difficult to determine how much time was spent on particular activities." *Welch*, 480 F.3d at 948 (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing)). Here, only 3 of the total 22 entries between the two attorneys were not block-billed. Of the 63.3 hours requested, 51.6 hours appeared in block entries.

Attorneys Cravens and Peretz have failed to meet their burden of documenting that the

hours expended related to the May 27, 2017 filings and attendance at the June 1, 2017 hearing were reasonable. Accordingly, the Court will apply a 20% reduction to the total hours requested for reimbursement and award 50.6 hours.[3]

### 3. Final Assessment of Reasonable Attorney Fees

After review of attorneys Cravens and Peretz's submission, the Court awards reasonable attorney fees in the amount of $8,222.50 (fifty-percent of $325 x 50.6 hours) in connection with the Court's July 20, 2017 order granting Plaintiff's the motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 54).

IT IS SO ORDERED.

Dated: **September 18, 2017**      /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

---

[3] It is observed that in *Welch v. Metro. Life Ins. Co.*, the Ninth Circuit held that the district court clearly erred in applying a 20% reduction to all of the requested hours because only about half of the entries were block-billed. *See Welch*, 480 F.3d at 948. Here, the Court observed that approximately three of the entries were not block-billed. Nonetheless, the Court distinguishes the present situation from *Welch* because the Court is finding that a 20% reduction is necessary *both* because it is unable to determine the degree of overlap between the two attorneys and due to its inability to determine the time spent on particular activities.